PETER HEIL JR. *et al.* V. LOUISA HEIL.

PETITION IN ERROR — *Party Not Joining — Errors Not Considered.* Errors of the trial court, alleged as against only one of several defendants below, some of whom join in a petition in error, but the party against whom it is alleged the error was committed does not join in the petition in error, will not be considered for the benefit of those who bring the case here. If the ruling in this case was erroneous, it was prejudicial to the party solely and alone, who does not appear in this court seeking to have it reversed.

*Error from Shawnee District Court.*

ORDER granting a temporary injunction, brought here for review. The material facts appear in the opinion.

*Welch & Welch,* for plaintiff in error.
*Overmyer & Safford,* for defendant in error.

Opinion by SIMPSON, C.: On the 27th day of December, 1886, Louisa Heil commenced an action for divorce and alimony against John P. Heil in the district court of Shawnee county. Summons was issued and returned as served on the 29th of December, by leaving a copy at the usual place of residence of John P. Heil. On the 1st day of January, 1887, attorneys for John P. Heil entered a special appearance, and moved to set aside the service of summons on the ground that John P. Heil had left the state on the 26th day of December to go to California and become a permanent resident there. They supported this motion by affidavit fairly tending to establish the fact of his non-residence at the time of the service. This motion was overruled on the 28th day of February, 188⁷

and on that day Louisa Heil, by leave of the court, filed an amended petition making Peter Heil jr., Joseph P. Heil and J. N. Schaefer, the sons and son-in-law of John P. Heil, parties defendant to her action, and charging in her amended petition that he had conveyed certain real property to them for the purpose of placing it beyond the reach of any decree of the court awarding her alimony, and praying that they might be restrained from selling, conveying or in any way disposing of the same until the termination of the litigation.    Due service of summons was made on the additional defendants on the 4th day of March, 1887.    On the 18th day of March they filed a motion to set aside the service of summons on John P. Heil, and filed affidavits in addition to those used in the former motion making a still stronger case of the non-residence of John P. Heil.    This motion was also overruled. On due notice and after a hearing the trial court granted a temporary injunction against Peter Heil jr., Joseph P. Heil and J. N. Schaefer, restraining them from any disposition of the real property conveyed to them by John P. Heil.    The temporary injunction was granted without requiring a bond, and on the hearing the court permitted the oral examination of the witnesses.    The case is here on error from the order granting the temporary injunction.    It is alleged that the court erred in overruling the motions to set aside the service of summons on John P. Heil; that it was error to grant the temporary injunction without a bond; that the court erred in granting the oral examination of witnesses on the hearing for a temporary injunction.    The claim of error on the motion to set aside the service on John P. Heil is predicated upon the assumption that without service on John P. Heil the court had not jurisdiction to allow the amendment of the petition and the making of new parties of his sons and son-in-law, to whom he had conveyed his real property.    This is a misconception of the law, as the plaintiff has the absolute right to amend her petition at any time before answer. ( Code, § 136.)    In this particular case the amendment was made by leave of the court, doubtless upon the theory that the service on John P.

Heil was good, and the answer-day had expired. If the service on John P. Heil was not good, then according to the theory of the plaintiffs in error the amendments could have been made by Louisa Heil without leave of the court. On either or both theories the amendments were properly made, and the court beyond any doubt had jurisdiction of the persons of the plaintiffs in error. John P. Heil does not join in this petition in error; he is not here complaining of the ruling of the court on the motion to set aside the service on him. These plaintiffs in error seem to think that their liability is entirely dependent on the fact of service on John P. Heil; but assuming that there is not yet legal service on John P. Heil, we can see no reason why the court cannot restrain them from attempting to dispose of the property. They are parties to the action, and have been legally served; they have had their day in court in opposition to the granting of the temporary injunction, and there appears to be no good reason, jurisdictional or otherwise, that exempts them from the operation of the orders of the court rightfully made in the action. If John P. Heil were here complaining of the ruling on the motion to set aside the service, and we sustained him, we cannot see how it would benefit these plaintiffs in error. It may be that no final decree could or would be made in the case until there was service, either personally or by publication, on John P. Heil, but in the meantime the plaintiffs in error are within the jurisdiction and subject to the orders of the court. It was not error to grant the temporary injunction without bond. (Code, § 644; 1 Kas. [Dassler's ed.] 643.) It was a matter resting entirely in the discretion of the court as to whether the witnesses on the hearing of the application for the temporary injunction should be heard orally or not. We are compelled to recommend an affirmance.

By the Court: It is so ordered.

All the Justices concurring.