**WILLIS et al. v. COCHRAN et al.**

No. 7042—Opinion Filed Oct. 2, 1917.

Rehearing Denied Nov. 13, 1917.

(168 Pac. 658.)

**1. Parties—Pleading — Amendment of Petition—Relief—Parties—Statute.**

The plaintiff, under the provisions of section 4787, Rev. Laws 1910, may amend his petition, at any time before answer is filed, and by such amendment may increase his demand for relief and may join with him as coplaintiff another party who has an interest in the subject-matter of the action, whether such interest be acquired before or after the filing of the original petition.

**2. Pleading—Right to Amend—Statute.**

Such right to amend is absolute and it is reversible error for the trial court to strike such amended petition from the files.

(Syllabus by Rummons, C.)

Error from District Court, Carter County; A. Eddleman, Judge.

Action by Dixon Willis and H. C. Morris against B. F. Cochran and others. Judgment for defendants, and plaintiffs bring error. Reversed and remanded, with directions.

E. C. Armstrong and J. Randall Connell, for plaintiffs in error.

Wm. Pfeiffer, for defendants in error.

Opinion by RUMMONS, C. The parties will be hereinafter designated as they appeared in the court below. The plaintiff, Dixon Willis, on February 2, 1914, filed his petition in ejectment against the defendants in the district court of Carter county, seeking to recover an undivided one-half interest in certain real estate in said county and to recover mesne profits. On February 27, 1914, and before answer was filed, plaintiffs, Dixon Willis and H. C. Morris, filed their amended petition against the defendants to recover the whole of said lands and mesne profits alleging that the plaintiff, H. C. Morris, was the owner thereof, and that the plaintiff Dixon Willis is as plaintiff backing his warranty of title and suing for the use and benefit of said H. C. Morris. The defendants appeared and moved the court to strike said amended petition for

the reason that the same sets up a new cause of action, in that the original petition prayed only for an undivided one-half interest in the lands and the amended petition adds a coplaintiff and prays for the recovery of the entire interest in the lands, and for the further reason that the interest of the coplaintiff H. C. Morris was acquired subsequent to the institution of the suit. This motion was sustained by the court, allowing plaintiffs an exception. Thereafter the defendants demurred to the original petiton, which demurrer was sustained by the court, the court allowing plaintiff an exception. The plaintiffs duly perfected a case-made, and bring this proceeding in error to reverse the action of the trial court.

Section 4787, Rev. Laws 1910, provides as follows:

"The plaintiff may amend his petition without leave, at any time before the answer is filed, without prejudice to the proceedings; but notice of such amendment shall be served upon the defendant or his attorney, and the defendant shall have the same time to answer or demur thereto as to the original petition."

In the case of Heil v. Heil, 40 Kan. 69, 19 Pac. 340, it is said:

"The claim of error on the motion to set aside the service on John P. Heil is predicated upon the assumption that without service on John P. Heil the court had not jurisdiction to allow the amendment of the petition and the making of new parties of his sons and son-in-law, to whom he had conveyed his real property. This is a misconception of the law, as the plaintiff has the absolute right to amend her petition at any time before answer. Code, No. 136. In this particular case the amendment was made by leave of the court, doubtless upon the theory that the service on John P. Heil was good, and the answer day had expired. If the service on John P. Heil was not good, then according to the theory of the plaintiffs in error the amendments could have been made by Louisa Heil without leave of the court. On either or both theories the amendments were properly made, and the court beyond any doubt had jurisdiction of the persons of the plaintiffs in error."

It therefore appears that the right of the plaintiff to amend before answer was an absolute one, and that upon such amendment he might plead an additional cause of action relating to the same subject-matter, and might enlarge his demand for recovery. 31 Cyc. 365. This disposes of the objection that the amended petition was bad because of the change in the cause of action from plaintiff Dixon Willis to plaintiffs Dixon Willis and H. C. Morris and because of the increase in the demand for recovery against the defendants.

The records do not disclose whether the interest of the plaintiff H. C. Morris in said lands was acquired before or after the filing of the original petition. But that is immaterial, since the adding of a party acquiring an interest in the subject-matter of an action pendente lite is proper by amendment. 31 Cyc. 473. It is therefore apparent that the trial court erred in sustaining the motion pendente lite is proper by amendment, ed petition. This renders it unnecessary for us to consider whether or not the trial court was right in sustaining the demurrer to the original petition.

The judgment of the trial court should be reversed, and the cause remanded, with directions to overrule the motion of defendants to strike the amended petition.

By the Court: It is so ordered.