## HOCKER v. RACKLEY.

No. 11072—Opinion Filed June 12, 1923.

(Syllabus.)

1. **Pleading—Determination of Nature — Title and· Subject-Matter**

The nature of a pleading is to be determined not by the title given it by the pleader. but by the subject-matter therein, and where a pleading is entitled a supplemental petition, but is in fact an amended petition, it will be so considered.

2. **Same—Right to Amend Petition Before Answer—Scope.**

The right of plaintiff to amend his petition before answer is an absolute one, and the plaintiff may plead an additional cause of action relating to the same subject-matter.

3. **Same—Action on Account.**

Where the original petition was an action on an open account and the amended petition contained a cause of action on an account stated, but the account sued on was the same as that contained in the original petition, the trial court did not err in refusing to strike the amended petition.

4. **Continuance—Loss of Depositions — Insufficiency of Showing.**

A motion for continuance, which alleges that the deposition of the defendant had been taken and filed with the court clerk, but had been lost or misplaced, but which did not contain a statement showing the exercise of diligence in attempting to locate the deposition or attempting to replace the same after the discovery of the loss, and which did not set out with definiteness and certainty the evidence of the witness, was not in compliance with section 584, Comp. Stats. 1921, and was properly overruled.

5. **Appeal and Error —Assignments of Error —Insufficiency.**

An assignment of error which in effect alleges that the court erred in rendering judgment in favor of the plaintiff and against the defendant on the evidence and pleadings presents nothing for this court to review.

Error from District Court, McClain County; F. B. Swank, Judge.

Action by B. H. Rackley against J. W. Hocker. Judgment for plaintiff, and defendant brings error.· Affirmed.

Ben Franklin, for plaintiff in error.

L. T. Cook, for defendant in error.

COCHRAN, J. This action was commenced by the defendant in error against the plaintiff in error to recover on an open account. The parties will hereinafter be re-

ferred to as plaintiff and defendant as they appeared in the trial court.

Before an answer was filed, the plaintiff filed an amended petition, wherein it was alleged that the account sued on had become an account stated, and seeking a recovery on the account so stated. The defendant filed a motion to strike the amended petition, which was overruled, and on the date the case was called for trial filed a motion for continuance, which was overruled, and the cause thereupon proceeded to trial before the court without a jury and resulted in judgment for the plaintiff, from which the defendant has appealed.

Defendant complains, first, of the action of the trial court in overruling the defendant's motion to strike plaintiff's supplemental petition. This motion is directed, first, to the fact that the purpose of a supplemental petition is to allege facts material to the cause occurring after the original petition was filed, and that the supplemental petition filed in this case did not attempt to allege any fact occurring after the filing of the original petition. It is true that the purpose of a supplemental petition is to allege facts material to the cause occurring after the original petition is filed (Wade v. Gould, 8 Okla. 690, 59 Pac. 11; Prince v. Gosnell, 47 Okla. 570, 149 Pac. 1162): but the nature of the pleading is to be determined, not by the title given it by the pleader, but by the subject-matter thereof (State ex rel. Morrison v. City of Muskogee, 70 Oklahoma, 172 Pac. 796), and it appears that the nature of the pleading in this case is that of an amended petition, and not a supplemental petition, and it will be treated by us as an amended petition.

It is further contended by the defendant that this amended pleading states an entirely different cause of action and is, therefore, a departure from the original pleading. This pleading was filed before the answer, and is governed by section 4787, Rev. Laws 1910, which provides:

"Plaintiff may amend his petition without leave, at any time before the answer is filed, without prejudice to the proceedings. * * *"

And in Willis v. Cochran, 66 Okla. 257, 168 Pac. 658, this court said:

"It therefore appears that the right of the plaintiff to amend before answer was an absolute one, and that upon such amendment he might plead an additional cause of action relating to the same subject-matter, and might enlarge his demand for recovery."

The cause of action set out in the amended petition related to the same subject-matter, and the trial court therefore did not err in refusing to strike the same.

The defendant next complains of the action of the trial court in overruling his motion for a continuance. This motion alleged that the deposition of the defendant, J. W. Hocker, had been taken and filed in said cause; that the same had been misplaced and the whereabouts of said deposition were unknown to the attorney for the defendant; that the witness was a material witness in the case and affiant had used due diligence to obtain said deposition; and then sets forth a general statement of the facts which he had expected to prove by said deposition. This affidavit does not comply with section 584, Comp. Stats. 1921, in that there is no statement of facts showing the exercise of diligence in either attempting to locate the deposition or in attempting to replace the same after the discovery of the loss thereof; neither does the affidavit set out with definiteness and certainty the evidence which the affiant expected to prove by the absent witness. The trial court, therefore, did not abuse its discretion in overruling the motion for continuance.

The third assignment of error is stated as follows:

"The court erred in rendering judgment in favor of plaintiff and against defendant on the evidence and pleadings before said court."

This assignment of error presents nothing for this court to review. As stated in the syllabus of Wilson v. Mann, 37 Okla. 475, 132 Pac. 487:

"An assignment of error which in effect merely alleges that the court erred in rendering judgment for one party, and against the other, presents nothing for this court to review."

The judgment of the trial court is affirmed.

McNEILL, V. C. J., and NICHOLSON, HARRISON, and MASON, JJ., concur.