## BARROWS et al. v. ALFORD et al.

No. 17334. Opinion Filed Feb. 21, 1928.

(Syllabus.)

1. **Limitation of Actions—Reformation of Deed—Period of Limitation Tolled by Act of Beneficiary of Statute.**

Considering, without deciding, that section 185, subdivision 1, C. O. S. 1921, is the particular statute of limitations applicable to an action for reformation of a deed for the conveyance of real estate (the parties having so treated it), the five-year period of limitation, so fixed, may be tolled by the act of the beneficiary of the statute and to the extent

of time there is granted to the party sought to be charged with the penalty of the statute, all rights and benefits and enjoyments of the subject-matter of the litigation.

2. **Witnesses—Competency—Testimony as to Transactions with Persons Since Deceased.**

Under section 588, C. O. S. 1921, a party plaintiff is incompetent as a witness to testify in respect to either transaction or communication had personally by such party with a deceased person when the adverse party is of the enumerated class of representatives of the deceased person.

3. **Trial—Objection to Evidence not Waived by Failure to Object to Previous Question.**

Failure to object to a question immediately preceding one to which objection was made, does not waive the latter objection.

4. **Appeal and Error—Review of Equity Case —Evidence—Harmless Error.**

In an action of purely equitable cognizance, this court will weigh the evidence, and eliminating that evidence erroneously admitted, if the judgment is not clearly against the competent evidence, the same will not be disturbed on appeal by reason of the harmless error doctrine adopted by the statute, section 2822, C. O. S. 1921.

Error from District Court, Lincoln County; Hal Johnson, Judge.

Action by E. C. Alford et al. against Maude J. Barrows et al. to reform a deed of conveyance. Judgment for plaintiffs, and defendants appeal. Affirmed.

Ira E. Billingslea, for plaintiffs in error.

H. M. Jarrett, V. H. Albertson, and T. L. Blakemore, for defendants in error.

RILEY, J. This action was commenced in the district court of Lincoln county by defendants in error for the reformation of a deed of conveyance executed November 29, 1918, by C. F. Barrows and his wife, Maude J. Barrows, to the plaintiff, and conveying a quarter section of land in Lincoln county.

The deed, as executed and delivered, contained the following reservation, to wit:

"Said grantors expressly reserve to themselves, their heirs, executors, administrators and assigns, one half of all oil, gas and minerals in and under the surface of said land, together with full and free right to enter upon said premises and use so much of the surface thereof as might be reasonably necessary in operating and drilling and marketing the production thereof, in so far as their one-half interest is concerned."

It was the contention of plaintiffs that the reservation was written into the deed by

mistake of the scrivener and the mutual mistake of the parties.

On the same date of the execution of the deed, a contract of sale of said land was entered into by and between C. F. Barrows and E. C. Alford, and the same was placed in escrow in the First State Bank of Chandler. The contract of sale provided for the execution of a warranty deed to the land and the delivery thereof, upon conditions, at a subsequent date. The only reservations contained in the contract of sale were: (1) The right of way of the Frisco Railway; and (2) one acre of ground used for cemetery purposes. The prayer of plaintiffs contained in their petition was for reformation by striking the reservation contained in the deed. However, at the trial plaintiffs were permitted to amend their petition to conform to the proof.

The trial court found "that said deed should be reformed so as to fully express the purpose and intent of the parties thereto, and as so reformed the reservation clause therein should read as follows," to wit:

"Said grantors hereby expressly reserve unto themselves, their heirs, executors, administrators and assigns, a one-half of the usual one-eighth royalty for all oil, gas and minerals which may hereafter be taken from said premises, said grantee herein to have full right to all rentals which may hereafter accrue under the existing oil and gas mining lease on said premises, or that may accrue under any subsequent oil and gas mining lease thereon, and all bonuses which may hereafter be derived from the leasing of said lands for oil and gas purposes, and the sole and exclusive right to lease said premises for oil and gas purposes."

For reversal it is contended: (1) The judgment is not supported by the evidence. (2) Incompetent evidence was admitted at the trial. (3) The action was barred by the statute of limitations.

We shall consider these contentions in reverse order. The parties treat the first subdivision of section 185, C. O. S. 1921, as applicable, to wit:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterward: First, within five years an action upon any contract, agreement or promise in writing."

We shall not determine the applicability of this statute of limitation, as to whether it or subdivision 6 (providing for the same period of time) or section 183, C. O. S. 1921, subdivision 4, or any statute of limitation is, in fact, applicable (37 C. J. 794, sec. 135; Hart v. Walton (Cal. App.) 99 Pac. 719; 37 C. J. 794, sec. 138; Sprague v. Cochran, 144 N. Y. 104, 38 N. E. 1000, 24 N. Y. S. 269), but base our decision upon the theory accepted and acted upon by the parties, i. e., that the five-year statutory period under section 185, subdivision 1, applies. The determination of the applicable statute of limitation is unnecessary for our decision here, and we do not decide that matter, but assume the correctness of the theory below and on appeal presented.

This action was commenced December 5, 1924. The deed was executed November 29, 1918, and placed in escrow. It was delivered and recorded January 11, 1919. The plaintiff maintains that the statute of limitation is tolled by reason of the fact that he never discovered the mistake until September 24, 1923, on occasion when he sold a portion of the land to Schmidt. Such circumstances would have little weight with us, since plaintiff had means of knowledge and ordinarily would be charged with actual knowledge by reason of the record fact (Shain v. Sresovich [Cal.]38 Pac. 51), were it not for the fact that all the rentals accruing under the oil and gas mining lease, after the execution of the deed, had been received by the grantor and paid to the grantee, this plaintiff Alford, thus recognizing and construing the reservation clause of the deed and lulling the plaintiff into a sense of security by conceding the rights he now seeks to declare. The very underlying principal upon which is founded all statutes of limitation is the theory that within a reasonable time fixed by statute one who claims rights should assert them or forever be estopped. We hold the statute assumed applicable was tolled under the facts in the case at bar for rights concerned were conceded to plaintiff Alford and he enjoyed all the benefits accruing under those rights by the express act of the grantor, Barrows, in the payment of all rentals upon the land. It appears by Exhibit F, C.-M. p. 104, that rental payments were credited to Alford (7-4-19-$160), and again by Exhibit E, C.-M. p. 103, that after paying interest on the amount of Alford's notes to Barrow in the sum of $105, there was paid Alford the balance of the rentals by the notation "Gave Alford $55"; the date of this transaction was "2-4-1922."

Since these rights now claimed were conceded to Alford at least during two years after the date of conveyance, why should Alford be required to assert them during that time? And why should the statute of limitation not be considered as running from the

time the party claiming such rights was constructively or otherwise denied them? Alford could not re-lease the land until the existing lease expired. For a period of two years he enjoyed all privileges of the rights he now asserts. The statute of limitations under these facts must be considered as having been tolled by the acts of the party seeking to be the beneficiary of the statute. In any event, by the tolling for two years the action was brought within the five-year period of the statute treated by all parties as being applicable.

We come to consideration of the incompetency of evidence. C. F. Barrow, grantor, died in September, 1922. The record of Alford's testimony is as follows (C.-M. p. 113):

"Q. State whether or not it was agreed between you and Mr. Barrows, Mr. Barrows should reserve a half interest in the oil and gas lease? A. Mr. Barrows—Q. Answer that 'yes' or 'no'. A. Yes, sir. Q. Was he to reserve a half interest in the oil, and gas rights? A. Royalty. Q. Do you know whether or not Mr. Barrows told Mr. Patrick he was selling to you, and he was reserving the half interest in the royalty? Mr. Billingslea: Come now the defendants in the above entitled action, and the witness is a plaintiff in this action, and he has, as shown by the evidence, acquired title to real estate from C. F. Barrows, deceased, and said defendants are heirs at law or administrator of said C. F. Barrows, said deceased person, and object to the witness testifying. The Court: Objection overruled as to this particular question. Mr. Billingslea: To which ruling of the court the defendants except. A. I mean, Mr. Barrows told Mr. Patrick that he, Mr. Barrows, was reserving a half interest in the royalty. Mr. Billingslea: The defendant calls attention of the court this is an intention to prove a contract between Barrows and the witness, and objection ought to be sustained. The Court: Objection overruled. Mr. Billingslea: To which ruling of the court the defendants except. A. Yes, sir; he told him he was reserving a half interest in the royalty. Q. What did Mr. Patrick do then? A. Why— Mr. Billingslea: Object to that. Can't prove status of contract by this witness. The Court: Objection overruled. Mr. Billingslea: To which ruling of the court the defendants except. A. Why, he went and drawed up this contract. Q. Did he draw up the deed then? A. After he finished this contract he drawed up the deed. Q. Now, in putting the reservation in the deed, did Mr. Patrick refer to any written memorandum he, Mr. Patrick, had on his desk? A. No, sir. Q. Did you and Mr. Barrows instruct Mr. Patrick how to draw up this deed? Mr. Billingslea: Object to that for the same reason made in first objection, as to witness's competency. (C.-M. 114-115) The Court: Objection overruled. Mr. Billingslea: To which ruling of the court the defendants except. A. Mr. Barrows did. Mr. Billingslea: I would like it understood this objection goes to all transactions with Barrows. The Court: Objection overruled. Mr. Billingslea: To which ruling of the court the defendants except."

Now it is urged in support of the judgment that the first interrogatories were permitted to be answered without objection and that no motion was made to strike them out. We observe the latter part of the colloquy is a request that the objections go to all transactions with Barrows. The objections must have been allowed as to all questions, for they were overruled. Besides, we would not hold the failure to object to the question almost immediately preceding the one to which objection was made could waive the latter objection. So then we are confronted with this proposition, a party to a transaction with another, since deceased, testified as to oral statements made by the deceased person to a third party though in the presence and hearing of the interested survivor to the transaction.

Section 588, C. O. S. 1921, provides:

"No party to a civil action shall be allowed to testify in his own behalf, in respect to any transaction or communication had personally by such party with a deceased person, when the adverse party is the executor, administrator, heir at law, next of kin, surviving partner or assignee of such deceased person, where such party has acquired title to the cause of action immediately from such deceased person. * * *"

The appellee urges that, while the witness would be disqualified to testify to conversation between himself and Mr. Barrows, deceased, concerning this transaction, yet he would be qualified to testify as to the conversation concerning the transaction between the deceased and Patrick, the scrivener.

We hold against this theory. The statute makes a party to a civil action incompetent to testify in his own behalf in respect to any transaction or communication had personally with another, since deceased, when the adverse party is of the enumerated class of legal representatives of the deceased person. If the facts here do not establish a "communication had personally by such party," they undoubtedly come within the inhibition of "in respect to any transaction." The force of the statute cannot be avoided or circumvented by a showing that the alleged statements were made by the person, since deceased, to another, though in the presence and hearing of the surviving interested party. Such party plaintiff cannot testify about

such communication or transaction. American Trust Co. v. Chitty, 36 Okla. 479, 129 Pac. 51; Wadleigh v. Parker, 34 Okla. 213, 124 Pac. 959; Wills v. Wood, 28 Kan. 400. Particularly is this applicable when the communication is addressed to a scrivener who is acting as agent of the interested parties. This constitutes error. Was it prejudicial error? Section 2822, C. O. S. 1921, provides no judgment, civil or criminal, shall be set aside for an error in the admission of evidence, unless "it appears that the error complained of has probably resulted in a miscarrage of justice, or constitutes a substantial violation of a constitutional or statutory right." Baird v. Conover, 66 Okla. 288, 168 Pac. 997; Bartlesville Zinc Co. v. James, 66 Okla. 24, 166 Pac. 1054.

This being a case in equity, it is the duty of this court to weigh the evidence, just as it was the duty of the court below. Now, eliminating that part of the evidence wrongfully admitted, on appeal this court can render or cause to be rendered such judgment as should have been rendered by the trial court. Fontenot v. White, 115 Okla. 248, 242 Pac. 854; Rochell v. Anderson, 113 Okla. 248, 243 Pac. 528; Schock v. Fish, 45 Okla. 12, 144 Pac. 584. But the rule is quite different in a suit at law, where this court on appeal does not weigh conflicting evidence, but affirms the judgment if there is any competent evidence reasonably tending to support the judgment of the trial court. In such an action at law it might, in a case of conflicting evidence, be difficult if not impossible to accurately ascertain just what particular bit of evidence actuated the verdict or judgment. Mitchell v. Gafford, 73 Okla. 152, 175 Pac. 227; Aldridge v. Anderson, 115 Okla. 131, 240 Pac. 99; Board of County Commissioners v. Baxter, 113 Okla. 280, 241 Pac. 752; Oklahoma Producing & Refining Corp. v. Pennock Oil Co., 118 Okla. 170, 247 Pac. 667; Jackson v. Turner, 107 Okla. 167, 231 Pac. 290. This brings us to the first proposition; Was the judgment supported by competent evidence?

Alford's competent testimony was that he thought he owned all oil rights except half interest in the royalty until in the year 1923, when he sold a part of the land to Schmidt. Schmidt testified that Mrs. Barrows, a party to the deed as wife of deceased C. F. Barrows, subsequent to the original conveyance and deed, made the statement in Hall's office, at a time when a royalty transaction was being made, that Mr. Barrows turned the rental and bonuses to Mr. Alford. Roxie Schmidt and Lon E. Alford corroborated W. A. Schmidt in his testimony relative to admissions against interest of Mrs. Barrows. She denied such admissions. Patrick, the scrivener, testified that he had lived in Chandler 15 years and was connected with the bank. He drew the contract of sale and the deed. Something was said by Mr. Barrows about an oil and gas lease on the land at the time the deed was made. Some rentals on the lease came to the bank for Mr. Barrows and Mr. Barrows instructed the bank to pay the rentals over to Mr. Alford, which was done. He included the reservation in the deed for the purpose of reserving a half interest in the oil and gas rights. That he theretofore possessed a copy of a reservation clause given him by an attorney and that he always uses it where a party reserves oil and gas. He thinks he read the instrument to the parties before they signed it. As he remembers it, the reservation was to include royalty and everything concerning oil and gas, but we will not say it was not only as to royalty. As heretofore recited, the rental payments credited tofore recited, the rental payments credited to the Alford note were in evidence and corroborated Patrick to that extent. His parties as well as the record. A significant bit of evidence is a letter written by Mrs. Barrows for Mr. Barrows during his lifetime; it is :

"Fayetteville, Ark. Feb. 1, 1922. Mr. E. C. Alford. Dear Sir: * * * Hope you will get a chance to lease your place to a good advantage. Hope you are still well, with best regards. C. F. Barrows."

On January 30, 1924, Mrs. Barrows wrote to Mr. and Mrs. Alford:

"When Mr. King leased his place over by Fin Key, Mr. Barrows wouldn't sign the papers until he gave him one-half of lease money, but I think it was in the contract that way, but if there wasn't any agreement like that with you and him, I wouldn't expect you to give it to us, if there wasn't anything said about it. I know he made the remark he wouldn't sell to anyone unless he held part of the royalty or mineral rights. * * *"

From a review of all the evidence and we hold by the acts and conduct and construction of the parties the agreement must have been just what Alford contended it was. Barrows paid over money to Alford in all probability under a construction of the true agreement. The letter first set out designates the land as Alford's to be by him leased. The wife by her second letter was willing to let the written conveyance settle the matter, of which she claimed to know but little. She, according to several witnesses, announced in Hall's office that Alford possessed

the rights of rentals and bonuses on the land. We hold the proof establishes the fact of the contended agreement as opposed to the recorded reservation clause to a moral certainty and takes the case out of the range of reasonable controversy. Inner Shoe Tire Co. v. Mueller, 108 Okla. 229, 235 Pac. 1072; Davis v. Keeche Oil & Gas Co., 89 Okla. 230, 214 Pac. 711; Muskogee Refining Co. v. Waters Pierce Oil Co., 89 Okla. 283, 215 Pac. 766; 23 R. C. L. 327-365; Hope v. Bourland, 21 Okla. 864, 98 Pac. 580.

The errors committed were harmless errors.

The judgment is affirmed.

BRANSON, C. J., MASON, V. C. J., and HARRISON, PHELPS, LESTER, HUNT, CLARK, and HEFNER, JJ., concur.

Note.—See under (1) 37 C. J. p. 952, §322; 23 R. C. L. p. 353. (2) 40 Cyc. p. 2260; 28 R. C. L. p. 496; 3 R. C. L. Supp. 1578; 5 R. C. L. Supp. p. 1541; 6 R. C. L. Supp. p. 1731. (3) 38 Cyc. p. 1397 (Anno). (4) 4 C. J. p. 897, §2867; 2 R. C. L. Supp. p. 1 R. C. L. Supp. p. 442; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 81; 6 R. C. L. Supp. p. 73.