## GUYER et al. v. LONDON.

No. 29371.   May 21, 1940.

*102 P. 2d 875.*

Leslie L. Conner, of Oklahoma City, for plaintiffs in error Louis Y. London and Louis Y. London, as executor.

Hemry & Hemry, of Oklahoma City, for plaintiff in error Lucille Guyer.

Fred E. Suits and Grady Lewis, of Oklahoma City, for defendant in error.

HURST, J. This action was brought by the plaintiff, Stella London, widow of R. N. London, against the defendants, children of R. N. London by a former wife, to establish her ownership of an undivided one-half interest in certain real estate standing in the name of R. N. London when he died, her theory being that he held such interest at the time of his death as trustee of a resulting trust. The trial court rendered judgment for plaintiff, and defendants appeal.

The facts material to the questions involved, as disclosed by the record, are that plaintiff and R. N. London were married in 1912. Plaintiff had at that time a foster son, and London had two children by a former wife. Plaintiff was at that time the owner of a small property in Cordell, Okla., and London owned no property, but was employed at a salary of $150 per month, which some years later was increased to $200 per month. Both were apparently industrious and thrifty, and during their married life acquired several pieces of property in Oklahoma City and vicinity by purchase and trade. Title to some of these properties was taken in the name of R. N. London, and others were taken in the name of both plaintiff and London. When the property in controversy was obtained in 1936, the deed was made to London alone. The consideration for this property was paid by the transfer to the grantors of two pieces of property title to which was vested in both plaintiff and London. While there is no evidence that plaintiff actually put any of her own personal funds into these two properties, there is evidence that after her marriage to London she sold her Cordell property for some $700, and used at least a part of the money so received in paying household expenses. It is admitted by defendants that plaintiff was a hard worker, and so far as the record shows, London never owned any property or saved any money until after his marriage to plaintiff.

Some two years after acquiring the property in controversy, London made a will devising to plaintiff one-third of all property belonging to him at the date of his death, and to defendants the remaining two-thirds. The will was admitted to probate, and on petition of plaintiff the county court ordered her paid an allowance for her support, and set apart to her as homestead the land in controversy and the furnishings in the residence thereon, which she continued to occupy. Thereafter she brought this action.

Defendant Louis Y. London, individually and as executor, in his brief argues six propositions, and defendant Lucille Guyer in her separate brief adopts those of Louis Y. London, and urges several additional contentions. In order not to unduly extend our opinion, we will discuss the various contentions under three propositions: (1) The nature of the action and sufficiency of the petition; (2) error in the admission of evidence, and in failing to sustain defendants' demurrer to plaintiff's evidence or to find for defendants; and (3) that the motion of defendants for removal of the case to the United States District Court should have been sustained.

1. Plaintiff's original petition was to quiet title to an undivided two-thirds interest to the property. Defendants filed motions to require her to state who was the owner of the record title and where and how she obtained her interest. Thereafter, she was permitted to file an amended petition, in which she set up that the property traded for the land in controversy was equally owned by her and her husband, and that by

inadvertence and mistake title was taken in his name only, and that he held a one-half interest in trust for her, and that by the will she was devised one-third of the remaining one-half. Up to this point she had not made the executor a party. Upon the filing of motions calling this to the attention of the court, and requiring her to more fully deraign her title, she filed her second amended petition, which, except for the recital that defendant Louis Y. London was executor of the will of R. N. London, and that she asked only for the one-half interest held in trust, was substantially the same as the first amended petition. Summons was issued and served personally on the executor. Thereafter and after the court had overruled various motions and demurrers, each of the defendants filed a separate answer to the second amended petition, and after such filing the trial court permitted plaintiff to file an amendment to her second amended petition, in which she alleged that her name had been omitted from the deed by fraud, instead of inadvertence and mistake as theretofore alleged, and that she learned of such fact for the first time when London's will was offered for probate.

Defendants assert that the amended petitions, and the amendment thereto, each departed from the theory of the preceding pleading, and changed the cause of action theretofore alleged, and that therefore the various motions to strike, demurrers, and other objections filed by defendants should have been sustained, and cite many authorities holding that amendments not in furtherance of justice, or substantially changing the claim or defense, may not be permitted. But we think defendants misconceive the nature of the cause of action sought to be asserted by plaintiff. She at all times asserted ownership of a one-half interest in the described property, and sought to quiet her title thereto. In her first amended petition the assertion that the legal title to such one-half interest was held in trust by R. N. London was made in response to defendants' request that her

pleading be made more definite and certain. And while the amendment to the second amended petition alleged the omission of her name through fraud, instead of inadvertence and mistake, such allegation did not change the cause of action. If, as she contended, one-half of the consideration for the property was furnished by her, the omission of her name from the deed through either fraud or mistake, in the absence of any other fact which would bar her claim, would justify the application of section 11809, O. S. 1931, 60 O. S. A. § 137. The first amended petition was filed before answer, and a change in the cause of action was permissible. Section 248, O. S. 1931, 12 O. S. A. § 314; Willis v. Cochran, 66 Okla. 257, 168 P. 658; Hocker v. Rackley, 90 Okla. 83, 216 P. 151. The amendment to the second amended petition did not substantially change the claim of plaintiff, and was properly allowed under section 251, O. S. 1931, 12 O. S. A. § 317. Ganas v. Tselos, 157 Okla. 107, 11 P. 2d 751. No prejudice is shown to have been suffered by defendants because of the allowance of the amendment, but they were allowed to attack it by motions and demurrers, and to file answers thereto when the motions and demurrers were overruled. The amendment was a matter of discretion, and we hold that its allowance was not an abuse thereof.

Nor do we consider that the amendment to the second amended petition changed the nature of the action so as to entitle defendants to a jury as a matter of right. The gravamen of the action was to establish that the one-half interest of plaintiff was held in trust by R. N. London, and to quiet her title thereto against his heirs. It was an action invoking the peculiar powers of equity, and was one of equitable cognizance. Mendenhall v. Walters, 53 Okla. 598, 157 P. 732; Maynard v. Central Nat. Bank, 185 Okla. 272, 91 P. 2d 653.

2. Defendants urge that plaintiff was incompetent to testify as to transactions involving the purchase and sale of various properties by herself and R. N.

London during their married life, and that such evidence was improperly admitted, and that for such error of the trial court the case must be reversed. But assuming, although not deciding, that such evidence was improperly admitted, the erroneous admission thereof does not necessitate reversal. This being an equity case, we may eliminate the evidence complained of, and consider whether the trial court should have sustained the demurrers to plaintiff's evidence, and whether the findings and judgment of the trial court are against the clear weight of the evidence remaining, which was properly admitted, and the facts which the record shows are undisputed. Barrows v. Alford, 129 Okla. 265, 264 P. 628.

The defendants in their answers admitted that two properties standing in the names of plaintiff and R. N. London were traded for the property in dispute. The presumption would therefore obtain that each owned a one-half interest in such properties, and there is no presumption that plaintiff held her one-half in trust for her husband. Herndon v. Shawnee Nat. Bank, 105 Okla. 207, 232 P. 432; Helvie v. Hoover, 11 Okla. 687, 69 P. 958; 62 C. J. 420; Kent v. Tallant, 75 Okla. 185, 183 P. 422; Yates v. Yates, 93 Okla. 94, 219 P. 705. Her testimony that she sold her Cordell property was competent, and is not disputed, although her statement that she used some of the money received from it for household expenses is contradicted to some extent. She testified that a short time after the property in dispute was acquired, she discovered that her name was omitted from the deed. The witness Baskin testified that London acknowledged the plaintiff's ownership of a one-half interest in the property traded for the tract in dispute, and stated that he had left her name out of the deed so that her foster son would not share in the place at her death. The real estate man who made the trade of the properties testified that London told him that plaintiff had noticed that her name was not in the deed, and that he had fixed it up all right with her, he was

going to have it changed. These witnesses were competent to testify as to such statements, and their credibility was a question for the trial court. A witness for defendants testified that plaintiff told her that Mr. London had said he would try and have the deed changed.

When this evidence is considered, the findings of the trial court that the plaintiff contributed one-half of the consideration for the property in dispute, and that at the time the deed was taken she was not aware that her name was omitted from the deed, were not against the clear weight of the evidence. And from such findings the conclusions of law that R. N. London held her interest as trustee of a resulting trust and that her action was not barred by the statute of limitations were correctly drawn. Section 11809, O. S. 1931; 60 O. S. A. § 137; Mendenhall v. Walters, supra; Flesner v. Cooper, 39 Okla. 133, 134 P. 379; McGann v. McGann, 169 Okla. 515, 37 P. 2d 939. In the last-mentioned case this court held that limitations do not begin to run against an action to declare a resulting trust until there had been a repudiation brought to the knowledge of the cestui que trust. In the present case the deed remained unchanged until after R. N. London died. His statements to plaintiff and the real estate man negative repudiation. Defendants contend that the trust, if any existed, was a constructive and not a resulting trust, for the reason that a resulting trust depends upon the intention of the parties. But, under section 11809, intent is presumed when the facts from which the trust results are established. McCoy v. McCoy, 30 Okla. 379, 121 P. 176. Such appears to be the rule announced in Simpson v. Drake, 90 Okla. 263, 217 P. 366, although in that case section 11809 apparently was not considered. In Teuscher v. Gragg, 136 Okla. 129, 276 P. 753, only a constructive trust was involved. In Rollow v. Taylor, 104 Okla. 275, 231 P. 224, this court held that the intent that the beneficial interest is not to go with the legal title may be inferred from the facts and circumstances,

and that equity in such case will imply a trust in favor of the person for whom the equitable interest is assumed to have been intended. These and similar cases cited by defendants do not support their contention that the trial court erred in holding that a resulting trust was established. And, as found by the trial court, it was immaterial whether the trust arose from inadvertence and mistake or from the fraud of R. N. London. The trust would result in either event. McCoy v. McCoy, supra. We conclude that the evidence that one-half of the consideration for the property in controversy was furnished by plaintiff, without any intention that the title thereto and enjoyment thereof should vest in or inure to R. N. London, is sufficiently clear and convincing, and that the judgment of the trial court is sustained thereby.

3. Defendants, at the close of all the evidence, orally moved the court to transfer the cause to the federal court, for the reason that Louis Y. London was shown to be a resident of California. This defendant, although served with process in Oklahoma county, had appeared and defended the action both personally and as executor. He filed no petition for removal, and tendered no removal bond. No authority is cited supporting such procedure, and we know of none. Furthermore, the controversy between Louis Y. London and plaintiff was not separable from that between plaintiff and the local defendants. The motion was properly denied.

Affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, DAVISON, and DANNER, JJ., concur. CORN and GIBSON, JJ., absent.