## JOLLY v. FIELDS.

No. 7811—Opinion Filed May 22, 1917.

(166 Pac. 117.)

1. **Appeal and Error—Cancellation of Instruments—Review—Equity Cases—Evidence.**

In cases of purely equitable cognizance this court, under authority of Tucker v. Thraves, 50 Okla. 691, 151 Pac. 598, and other cases, has the right and power to consider the evidence and render such a judgment as the trial court should have done, and after considering the entire evidence here this court is of the opinion that the plaintiff below is entitled to have the deed to his property canceled and set aside, and to recover the possession thereof; and it is so ordered.

2. **Appeal and Error — Objections — Sufficiency.**

The objection made here to the introduction of certain evidence is not sufficient to justify this court to review the action of the trial court in overruling said objection.

(Syllabus by Hooker, C.)

Error from District Court, Tulsa County; Conn Linn, Judge.

Action by Tom Fields against W. A. Jolly. There was a judgment for plaintiff, and defendant brings error. Modified.

W. W. Wood, for plaintiff in error.

C. E. McLees, for defendant in error.

Opinion by HOOKER, C. Tom Fields instituted suit in the district court of Tulsa county against W. A. Jolly, and in his petition alleged that on the 18th day of December, 1908, a pretended deed was made, executed, and delivered by some one to W. A. Jolly, whereby it was attempted to convey the real estate involved here to the said W. A. Jolly, which purported deed bore the signature of Tom Fields; that said deed was a forgery; that he had never executed the same, and that he never at any time conveyed or attempted to convey said land to W. A. Jolly or any one else; that he was the legal owner of said land, and entitled to its immediate possession, and that the value of said land was $1,400; and in the prayer to his petition he asked that said purported deed be declared a forgery, and that the same be set aside, canceled, and held for naught, that he be declared to be the legal owner of said property and entitled to its possession, and for such other relief as the facts might warrant, and as the court may in equity and good conscience deem proper.

The defendant, W. A. Jolly, filed a second amended answer, which denied all the allegations of the plaintiff's petition, except that it admitted the execution of said deed, and denied that the same was a forgery, and claimed that the same was the act and deed of the plaintiff, Tom Fields; and he further answered that said deed was executed as the result of a conspiracy between the plaintiff, Tom Fields, and others, and that Tom Fields had received a part of the proceeds of said land with full knowledge of the fact that Will Franklin had executed said deed, representing himself to be Tom Fields, and that by reason of the acceptance of a part of the proceeds of the property thus sold and conveyed by Franklin to W. A. Jolly said Tom Fields was estopped from claiming said deed to be a forgery; and he further asked that his title to said property be quieted, and later filed a supplement to said answer, wherein he claimed that on the 30th day of April, 1912, said Tom Fields had executed another deed to him for said property, whereby he had conveyed all of his interest to said defendant; and to which answer the plaintiff, Tom Fields, filed a reply, denying the execution of the deed of date April 30, 1912, and claiming the same to be a forgery. Upon these issues the cause was tried.

On April 13, 1914, Judge L. M. Poe, the then presiding judge of the district court of Tulsa county, made the following order:

"Now, on this day, this cause coming on for hearing, it is by the court ordered that this cause be and the same is stricken from the assignment, for the reason that the cause should be stricken from the equity assignment, and be assigned on the jury docket, to which ruling of the court the defendant excepted."

This order was made on the 13th day of April, 1914, and in March, 1915, the cause came on for trial and a jury was impaneled

to try the issues involved. At the time neither party objected to the cause being submitted to the jury, but proceeded with the trial in the usual manner, and the jury returned a verdict in favor of the plaintiff below. From this judgment the defendant below has appealed, and has assigned three reasons why this judgment should be reversed, namely: First, the court erred in striking the cause from the equity assignment, and in treating and trying the same as an action of law; second, the court erred in admitting in evidence, for the purpose of comparison of handwriting, the signature to the affidavit alleged to have been made by George Fields: third, the verdict of the jury was not supported by the evidence.

By an examination of the record here, the plaintiff below sought to cancel the alleged deeds upon which the defendant below relied for his title, and asked that said deeds be canceled, set aside, and held for naught, and also to recover the possession of this real estate. Assuming that this was an equitable action, were the rights of the plaintiff in error, defendant below, prejudiced by the submission of this cause to the jury? We think not. If this was an equitable action, the trial court had the right to submit any questions for the decision of the jury, and while under the authorities the verdict of the jury would only be advisory to the court, yet where the trial court approves the verdict of the jury, and adopts the finding of the jury, and the same is supported by the evidence, we cannot see wherein the rights of the parties have been prejudiced. By reference to the journal entry entered in this action, the trial court made a specific finding as to the validity of the deeds in question in the following language:

"It is further considered, ordered, and adjudged that the deeds held by the defendant, W. A. Jolly, for the said land, are forgeries, and that the same be canceled, set aside, and held for naught, and that the plaintiff be adjudged to be the legal owner of said land."

Upon this finding of the court the judgment necessarily should have been for the defendant in error. These deeds were the instruments under which the plaintiff in error claimed title to this property, and the jury said these deeds were forgeries, and the court said that these deeds were forgeries; hence it follows that the claim of the plaintiff in error could not prevail, and the judgment was properly rendered against him.

A motion for a new trial was filed by the defendant below in the trial court, which directly challenges the correctness of the finding of the jury. This was overruled by the trial court, clearly showing that the verdict of the jury met with the approbation of the court. Apache St. Bank v. Daniels, 32 Okla. 121, 121 Pac. 237, 40 L. R. A. (N. S.) 901, Ann. Cas. 1914A, 520. If this be an equitable case, this court has the right to consider this evidence, and render such a judgment as the trial court should have rendered. Tucker v. Thraves, 50 Okla. 691, 151 Pac. 598. We have carefully considered the evidence here, and we believe that we have given full weight and credit to all of it, and we have reached the conclusion that the defendant in error is entitled to recover the possession of the property.

The first deed the plaintiff in error admits was not procured from Tom Fields, and there is not any evidence here which would justify the conclusion that Tom Fields was in a conspiracy with any one else to sell to Jolly this property. The uncertainty which exists in the mind of Judge Wood as to the identity of the party who made the second deed, he being the only witness who attempts to identify Tom Fields as the one making said deed, coupled with the inadequate consideration paid therefor, considered together with the positive evidence of the plaintiff below, forces the conclusion that the plaintiff is entitled to prevail, and recover the possession of his property, and to have these deeds canceled and set aside.

It will perhaps be unnecessary to consider the other assignments of error urged by the plaintiff in error. However, from an inspection of the record, we are of the opinion that the objection made by the plaintiff in error to the introduction of the evidence complained of is not such an objection as will justify this court to review the action of the trial court in overruling said objection. The record shows that the plaintiff below offered the affidavit complained of in evidence for the purpose of comparison, to which the defendant below "objects to the offer of it in evidence." Under the following authorities: Fender et al. v. Segro et al., 41 Okla. 318, 137 Pac. 103; Long Bell Lbr. Co. v. Martin, 11 Okla. 192, 66 Pac. 328; Enid & Anadarko Ry. Co. v. Wiley, 14 Okla. 310, 78 Pac. 96; Conklin v. Yates et al., 16 Okla. 266, 83 Pac. 910; Price v. State, 1 Okla. Cr. 358, 98 Pac. 447—the objection raised to the introduction of this evidence does not comply with the statute, and does not amount to any objection, and it therefore follows that no legal objection was made to the introduction of this evidence.

It is therefore further ordered that the deed alleged to have been made on the 18th

day of December, 1908, by Tom Fields to W. A. Jolly, and the deed alleged to have been made on the 30th day of April, 1912, by the said Tom Fields to the said W. A. Jolly, be and the same are here canceled, set aside, and held for naught, and the title to said property of the said Tom Fields, in so far as the plaintiff in error, W. A. Jolly, is concerned, or any one holding under him, is quieted, and the said W. A. Jolly, or any one holding under or through him, is forever estopped from asserting any title to or interest in said property by virtue of the aforesaid deeds.

By the Court: It is so ordered.