## WORRELL v. ALLEN.

No. 14244—Opinion Filed Oct. 16, 1923.

### 1. Appeal and Error—Sufficiency of Evidence—Motion for New Trial.

Where the plaintiff submits his case to the jury, without demurring to the evidence or asking an instructed verdict, or otherwise legally attacking its sufficiency, the question whether there is any evidence reasonably tending to support the defense is not presented for review by plaintiff's motion for new trial. Norman v. Lambert, 64 Okla. 238, 167 Pac. 213.

### 2. Same—Objections Below — Sufficiency— Admission of Evidence.

Simply objecting to the admissibility of evidence, without assigning the statutory grounds named in section 609, Compiled Oklahoma Statutes 1921, or any other ground of objection, is not such an objection as will cause this court to review the action of the trial court in overruling the purported objections.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Stephens County; Cham Jones, Judge.

Action by C. C. Worrell against J. L. Allen. Judgment for defendant on counterclaim, and plaintiff appeals. Affirmed.

Wilkinson & Saye, for plaintiff in error.

J. W. Marshall, for defendant in error.

Opinion by ESTES, C. The parties appear here in the same order as in the lower court. Plaintiff sued the defendant, his tenant, in the district court of Stephens county for $1,590 damages alleged to have been caused by defendant's breach of two agricultural lease contracts, and for the value of certain corn alleged to have been converted by defendant. Defendant answered and counterclaimed for $1,797 for various items, including actual and punitive damages for wrongful garnishment of money in the bank, which garnishment had been dissolved. Verdict was for the defendant for $150 actual, and $100 punitive damages. Judgment being rendered thereon and a motion for new trial overruled, plaintiff appealed.

1. The first proposition of plaintiff is that the verdict was contrary to the evidence. Plaintiff interposed no objection or exception to the instruction of the court, and permitted the cause to go to the jury without demurrer to the evidence or moving for an instructed verdict or otherwise legally attacking the sufficiency of the evidence of defendant on his counterclaim,

although plaintiff filed motion for new trial, which was overruled. Under this state of the record, this court cannot consider whether there is any evidence reasonably tending to support the verdict under said motion for new trial. Norman v. Lambert, 64 Okla. 238, 164 Pac. 213. Plaintiff also complains that the jury was not warranted in rendering a verdict in the sum of $100 punitive damages. It cannot be said on examination of the record that said amount of punitive damages is excessive, and there is evidence reasonably tending to support same. Such contention is not well taken.

2. The other assignment of error under the motion for new trial is that the court erred in admitting in evidence on behalf of defendant a written account of items claimed by defendant under his counterclaim. These entries were not made at or near the time of the transactions to which they relate. The objection made to the introduction of the itemized account was: "Object to that as not verified as being a true and correct statement." It is apparent that said objection is not a proper one to challenge the introduction of memorandum or written statement of the account. Said objection does not comply with the statute and therefore does not amount to any objection. The better and safer practice is to point out the specific objection relied upon. But the objection must go at least as far as the statute provides; otherwise it cannot be considered by this court. Fender et al. v. Segro et al., 41 Okla. 318, 137 Pac. 103; Jolly v. Fields, 65 Okla. 201, 166 Pac. 117. However, the record shows that there was proof independent of the written statement of the account as to the items thereof, and that this proof was made without objection. Hence, there was no prejudicial error in admitting the memorandum of the items. Judgment affirmed.

By the Court: It is so ordered.