### VERDINE et al. v. COSDEN & CO. et al.

No. 13850—Opinion Filed Nov. 6, 1923.

(Syllabus.)

### Appeal and Error — Affirmance by Agreed Settlement.

The plaintiffs in error sued the defendants in error for a half interest in the southeast quarter of section 10, township 19 north, range 12 E., Tulsa county, Okla. The judgment of the trial court was in favor of the defendants; the plaintiffs appealed by petition in error and case-made attached. The appellants have filed motion to affirm the judgment of the trial court, setting out an agreed settlement of the appeal approved on behalf of the minors by their guardians, and by the probate courts having the jurisdiction of their estates.

The record has been examined as to the facts and the legal contentions as applicable thereto, and the court concurs with the probate court that the settlement is for

the best interest of the plaintiffs in error, and their motion to affirm the judgment of the trial court should be sustained.

The judgment of the trial court, the district court of Tulsa county, is therefore affirmed.

Error from District Court, Tulsa County; Redmond S. Cole, Judge.

Action by Lena Verdine, nee Fulsome, and others against Cosden & Company and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

Gibson & Hull, for plaintiffs in error.

J. C. Denton and Geo. S. Ramsey, for defendants in error.

BRANSON, J. The plaintiffs, the plaintiffs in error in this court, Lena Verdine, nee Fulsome, and others, pleaded an alleged cause of action in the district court of Tulsa county against the defendants, defendants in error here, Cosden & Company and others, claiming an undivided half interest in a certain tract of land in said Tulsa county, Okla. After issues joined, the cause was tried to the district court of said county, a jury having been waived. The conveyance through which the defendants assert absolute title to the entire tract of land, to which the plaintiffs in error claim a half interest, was based upon a sale made through the probate court, and plaintiffs contended that after the petition for order authorizing the guardian to sell had been filed, the minor involved became possessed of the half interest by this suit sought to be recovered by the plaintiffs and was not the owner of this half interest at the time the petition was filed. The entire interest having become vested in the minor before the court confirmed the sale and the guardian's deed issued, the trial court found that the title to the entire tract had vested in the purchaser, as the conveyance purported to do, and by mesne conveyances had vested in the defendants.

While this cause was pending in this court and on June 5, 1923, the case of Sandlin et al. v. Barker, 95 Okla. 113, 218 Pac. 519, was adjudicated, which, among other things, in the syllabus holds:

"Where suit is brought to recover land sold by an administrator upon the order of the county court, the same must be brought within the time specified in subdivision 2, sec. 183, Comp. Stat. 1921, even though the administrator's sale is absolutely void."

The suit in the instant case was not brought until the lapse of the period of time specified in this section mentioned.

The plaintiffs in error Lena Verdine, nee Fulsome, Lissie Gambler, Lena Gambler, Willie Gambler, and Martin Gambler are minors and their guardian is William Givens. The plaintiffs in error, to wit, Willie Harjo and Lena McGirth, are minors, and their guardian is John McGirth. These plaintiffs in error, through their counsel and their respective guardians, have filed in this court a motion to affirm the judgment of the lower court, which was adverse to their contention, and set out that a settlement of the controversy has been made between the plaintiffs in error and the defendants in error, which settlement has been approved by the county court having jurisdiction of the guardianship proceedings of the said minors; certified copies of the orders of the county court being attached to the motion to affirm the judgment. We deem it unnecessary to go into the discussion of the facts out of which this litigation grew or the assignments of error made by the plaintiffs in error, for that the plaintiffs in error, with the approval of the county court having the jurisdiction of the settlement of their estate and their guardians joined by their counsel, for a sum of money specified, have entered into an agreement satisfactory to the respective parties. Thompson v. Maxwell Land Grant Co. (U. S.) 42 L. Ed. 539; Gusdofer v. Gundy (Miss.) 16 South. 432; Conner v. Hemphill, 7 Tex. 184; Gunter v. Fox, 51 Tex. 383; Hollis v. Dashelle, 52 Tex. 187. Without regard to the merits, we are of the opinion that the settlement is to the best interest of the minors, and that the motion to affirm the judgment of the trial court sould be sustained and the judgment of the trial court should be affirmed. The judgment of the trial court in this cause is therefore affirmed. Let the mandate of this court issue forthwith.

JOHNSON, C J., and KENNAMER, NICHOLSON, COCHRAN, and MASON, JJ., concur.