## JOHNSON et al. v. ISLAND.

No. 24763.    Dec. 12, 1933.

J. Bernard Smith, R. Emmett Stewart, and C. G. McKoin, for plaintiffs in error.

D. Hayden Linebaugh and Jay A. Anderson, for defendant in error.

PER CURIAM. This action was begun originally in the district court of Muskogee county and sought to establish a claim in the estate being administered in the county court of Muskogee county involving among other assets the N. ½ of the N. W. ¼ of section 25, and the S. ½ of S. W. ¼ of section 12, all in township 15 north, range 17 east of the Indian Base and Meriddian.

It will not be necessary to review all of the facts in the cause under the decisions of our court in order to reverse and remand this action for the reason that, on November 15, 1933, there was filed in this court a motion to reverse and remand the cause, which motion is signed by all the parties to the action, and attached thereto is a certified copy of the petition to compromise and order of the county court of Muskogee county approving the compromise and settlement of the above-entitled action as begun in the district court. The order, omitting the formal parts, is as follows:

"Now, on this 3rd day of November, 1933, this cause coming on for hearing on the petition of the guardian of the above J. V. Island, a minor, for authority to compromise a certain lawsuit now pending in the Supreme Court of the State of Oklahoma, wherein J. V. Island, a minor, by his legal guardian, Lillie Island, as plaintiff, and Rosie Johnson Burr and Yvette Davidson et al., were defendants, and it appearing to the court that the said suit was filed by the guardian against said defendants for the purpose of impressing a specific trust upon and quieting title to the north half (N. ½) of the northwest quarter (N. W. ¼) of section twenty-five (25), and the south half (S. ½) of the southwest quarter (S. W. ¼) of the southwest quarter (S. W. ¼) of section twelve (12), township fifteen (15) north, range seventeen (17) east, Muskogee county, Okla., and it further appearing that heretofore in this court said guardian had filed her petition for the employment of Jay A. Anderson and D. Hayden Linebaugh, attorneys, to represent her as said guardian to file such suit, and that an order heretofore made providing for the employment of said attorneys on a contingent of one-half the land or money recovered in said action, and it further appearing that said attorneys had tried and won said cause of action in the district court before the Honorable Enloe V. Vernor, judge, excepting therefrom about four acres of said land claimed by the defendant J. L. Kimmell. And it further appearing that the parties to said action have made a tentative agreement for the settlement of said litigation with a view of having said decision reversed and remanded to the district court of said county of Muskogee, Okla., for the purpose of therein filing a modified decree in favor of the defendants as administratrix of the estate of Sarah P. Davidson, deceased; and it appearing from said petition that said guardian can secure a settlement in the sum of $2,000 to be paid by promissory notes of said administratrix due in one year, with interest at eight per cent. per annum, secured by a real estate mortgage on the land in said section 25, and the court being further advised in the premises, finds that said settlement is for the best interest of said minor, and that the same is made in good faith, and that the same should be and is hereby allowed. It is further ordered, adjudged, and decreed by this court that the said Lillie Island, as guardian of J. V. Is-

land, a minor, execute a stipulation providing for the settlement of said case as outlined in her said petition, and that she have and receive as full consideration therefor a promissory note in the sum of $1,000, executed by said Rosie Johnson Burr, and Yvette Davidson, individually, as administratrix of the estate of Sarah P. Davidson, deceased, to J. V. Island, a $500 note to Jay A. Anderson and a $500 note to D. Hayden Linebaugh, each of said notes to bear eight per cent. per annum due in one year from date hereof, and secured by a real estate mortgage upon the north half (N. ½) of the northwest quarter (N. W. ¼) of section 25, township 15 north, range 17 east, Muskogee county, Okla., and that said notes made payable to said Jay A. Anderson and D. H. Linebaugh shall be a complete satisfaction and release of their claim against the said J. V. Island, a minor, for their attorneys' fees rendered in his behalf in said litigation."

In the case of Carter Oil Co. v. Fleming, 117 Okla. 39, 245 P. 833, in the first syllabus paragraph this court said:

"In the absence of a statutory or constitutional provision to the contrary, a guardian, by and with the approval of the county court having jurisdiction of the estate of his ward, may compromise any controversy or litigation involving the estate of such ward; and such compromise will be binding upon the ward when it is made for his best interest and in good faith; and the subject-matter of the compromised controversy or litigation cannot be relitigated by the ward."

In the case of Verdine v. Cosden & Co., 96 Okla. 52, 220 P. 329, this court said:

"We deem it unnecessary to go into the discussion of the facts out of which this litigation grew or the assignments of error made by the plaintiffs in error, for that the plaintiffs in error, with the approval of the county court having the jurisdiction of the settlement of their estate and their guardians, joined by their counsel, for a sum of money specified, have entered into an agreement satisfactory to the respective parties."

It appearing, therefore, upon an examination of this record, that the compromise and settlement has been made, and upon the face of the record it is for the best interest of the minor that the same be approved as made, the judgment of the trial court is reversed and remanded, with directions to enter a judgment in accordance with the stipulation of settlement on file and the order of the county court approving the same as above set forth.