### MID-CONTINENT PETROLEUM CORPORATION v. SKEEN.

No. 25477.   May 28, 1935.

J. C. Denton, R. H. Wills, J. H. Crocker, I. L. Lockewitz, J. P. Greve, and Wilcox & Swank, for plaintiff in error.

John F. Vaughan, for defendant in error.

WELCH, J.   J. C. Skeen, as plaintiff, instituted action in the district court of Payne county against the Mid-Continent Petroleum Corporation seeking to recover damages for the pollution of a stream, and seeking permanent injunction restraining further acts of pollution.

Plaintiff obtained a temporary injunction restraining defendant from permitting pollutive substances to escape from its oil and gas leasehold estate and to flow on, over, and across premises of the plaintiff. From that judgment granting temporary injunction, the defendant appealed, and was permitted to and did make supersedeas bond.

Thereafter, the original cause was removed to the United States District Court for the Western District of Oklahoma. Thereafter, in that court, the plaintiff filed his amended petition, and dismissed and abandoned his action for an injunction or other equitable relief. That action remains pending in that court as an action for damages, but the plaintiff is no longer attempting to enjoin the defendant from permitting such pollutive substance to escape from the defendant's leasehold estate.

At the time the temporary injunction was granted, plaintiff was seeking permanent injunction in the action. It was the office of the temporary injunction to prevent further acts of pollution only pending final trial of the action for permanent injunction. See section 708, O. S. 1931; Glasco v. School District No. 22, 24 Okla. 236, 103 P. 687; 32 C. J. pp. 362 and 408, and cases there cited.

If plaintiff had not sought a permanent injunction in the first instance, or if he had abandoned and dismissed that part of the action seeking permanent injunction, prior to granting of temporary injunction, the temporary injunction could not properly have been granted. If after obtaining this temporary injunction the plaintiff had dismissed his action in its entirety, then, of course, the temporary injunction should fall. While the plaintiff did not dismiss his action in its entirety, he did entirely dismiss the action in so far as it sought injunctive relief. That was the portion of his action which formed the basis of his application for and the granting of the temporary injunction, and its dismissal was equivalent to a dismissal of the action in its entirety so far as concerns the question before this court on this appeal.

As the matter now stands, the judgment of the state district court appealed from temporarily enjoins the defendant until the original action is finally tried upon its merits, that is, upon the issue of the damage claimed by plaintiff. It is apparent that the temporary injunction should be vacated.

The judgment appealed from is reversed and the cause remanded, with directions to vacate the temporary injunction.

McNEILL, C. J., and BUSBY, PHELPS and CORN, JJ., concur.