CITY OF TULSA et al. v. CHAMBLEE et al.

No. 24486.   Oct. 22, 1940.

*106 P. 2d 796.*

H. O. Bland, J. H. Maxey, Bert E. Johnson, Gordon Stater, O. H. Searcy, and Edna Claire King, all of Tulsa, for plaintiffs in error.

Woodard & Westhafer, of Tulsa, for defendants in error.

DAVISON, J. This cause originated in the district court of Tulsa county. It involves the disposition of funds derived from the sale of municipal (general obligation) bonds of the city of Tulsa. The bonds, from which the funds were derived, were sold prior to the institution of the action. No question of the validity of the bonds or of the obligation of the city to pay the same is presented in this action.

The funds involved were derived from two bond issues, authorized by a vote of the people at the same election on February 4, 1930. The aggregate amount derived from the sale of the bonds was $1,575,000; one bond issue being for $725,000, the other for $850,-000.

A large portion of the money had been spent prior to the institution of this action, which occurred on the 14th day of November, 1932.

Immediately preceding the commencement of the action and precipitating the same, the governing body of the city was contemplating a transfer of a major portion of the remaining balance to the sinking fund of the city.

The action was instituted by J. T. Chamblee and other taxpayers and citizens of the city for the primary purpose of preventing that transfer. An injunction against the city, its officers, and agents was sought for that purpose. The plaintiffs were successful in the trial court, and on December 9, 1932, an injunction was granted perpetually restraining the threatened transfer and forbidding the use of the money for any purpose other than the purposes of the bond issue, as found by the court to have been contemplated at the time of the election approving the indebtedness, until the purposes of the bond issues had been fully and completely accomplished. The unexpended balance at the date of judgment aggregated $351,535.97.

The defendants transferred the cause to this court on appeal. The parties presented their briefs to this court. The legal questions involved therein centered around the pivotal query of when and under what circumstances, if at all, a city may transfer funds derived from the sale of municipal bonds to the sinking fund.

On October 27, 1933, after the briefs had been filed, the parties to the litigation agreed upon a disposition and expenditure of the funds satisfactory to all and, having embodied their agreement in a resolution passed by the mayor and board of commissioners of the city of Tulsa, stipulated that the cause should be temporarily held in abeyance in this court in contemplation of a future dismissal of the appeal. The stipulation was presented to and approved by this court.

Thereafter, and on December 11, 1935, the defendants (plaintiffs in error in this court) filed a formal instrument requesting a dismissal of the appeal stating that the questions involved were

moot. We approved the request and dismissed the cause.

Four years later (on December 23, 1939) the parties presented to the court their joint application to recall the mandate and reinstate the appeal on the theory that the formal instrument requesting a dismissal was a "clerical error." Since public funds were involved, the request was granted.

Thereafter, the plaintiffs (defendants in error) presented a verified application and petition for injunction seeking to restrain another and different threatened disposition of a portion of the fund (which is now $211,890.70) in no wise connected with the former threat to transfer the unexpended balance to the sinking fund. In conjunction with the application and petition, it was suggested that testimony be taken, which of course would serve the purpose of ascertaining with particularity the present situation and the current dispute between the parties. We have refused to exercise the jurisdiction requested.

While, generally speaking, this court, in common with other tribunals of final resort, confines its investigation of the facts, when exercising appellate jurisdiction, to the record presented at the time the appeal was perfected, it may in proper cases take cognizance of facts occurring during the pendency of the appeal where the facts bear directly on the questions presented by the appeal (Consolidated Cut Stone Co. et al. v. Seidenbach et al., 181 Okla. 578, 75 P. 2d 442; notice, also, in this connection, Verdine et al. v. Cosden & Co. et al., 96 Okla. 52, 220 P. 329); especially where such facts affect the right and duty of the court to proceed in the exercise of its appellate jurisdiction. Kimball v. Kimball, 174 U. S. 158, 43 L. Ed. 932, 19 S. Ct. 639. See, also, Mid-Continent Petroleum Corporation v. Skeen, 172 Okla. 428, 45 P. 2d 724; Bryar v. Campbell, 177 U. S. 649, 44 L. Ed. 926, 20 S. Ct. 794.

In this case it is apparent from the proceedings before us and the conduct and admissions of the parties subsequent to our acquisition of jurisdiction that time and circumstance have altered the questions involved and changed the fact situation to which the law should be judicially applied.

Yet, because of the sweeping and comprehensive terms employed by the trial court in granting injunctive relief, it is doubtful if the legal questions now involved in the dispute could be properly tried if our judgment should be one of absolute affirmance or of reinstating the previous order of dismissal, for that judgment might well be asserted as a predetermination of issues only incidentally involved or presented in the former trial. Such predetermination might well operate to prevent the officers of the municipality from the present proper administration of the balance of the fund.

This being a cause of equitable cognizance, we may, in the exercise of our appellate jurisdiction, direct the modification of the judgment or the entry of such judgment as the trial court should have entered in the first instance. Jolly v. Fields, 65 Okla. 201, 166 P. 117.

We are of the opinion, and hold, that in this case the potential detrimental effect of the sweeping injunctive relief might and should have been avoided had the trial court confined and limited its judgment to a determination of the paramount issue before it; that is, the threatened transfer to the sinking fund.

Insofar as the judgment of the trial court forbade the particular transfer, threatened in 1932, to the sinking fund, it is approved and affirmed. Otherwise, the judgment is modified by vacation. Nothing shall be permitted to remain in the judgment which will preclude a determination of the proper disposition of funds by future expenditure or transfer to the sinking fund under the fact situation which now exists, or may exist at the time any subsequent action involving the unexpended balance is instituted.

The cause is remanded to the trial court with directions to modify its judg-

ment in accord with the views herein stated, and as so modified the judgment is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and CORN, GIBSON, HURST, and NEFF, JJ., concur. RILEY and OSBORN, JJ., absent.