**Paul M. DAVID, Petitioner,**

v.

**PENNWALT CORPORATION, Respondent.**

**No. 52109.**

Supreme Court of Oklahoma.

March 27, 1979.

T. H. Eskridge, of Boesche, McDermott & Eskridge, Tulsa, for petitioner.

Robert H. Taylor, Richard D. Gibbon, Brad Smith, Tulsa, for respondent.

G. Michael Lewis, Kevin C. Coutant, Tulsa, for Union Mechling Corp.

OPALA, Justice:

Closing of court clerk's office at 12:00 o'clock noon on the terminal day of limitations period prevented plaintiff [respondent] from bringing his action within the statutory time. Instead, plaintiff commenced the suit the following day. Defendant [petitioner] demurred to the petition interposing the bar of limitations. Trial court overruled demurrer and certified the statute-of-limitations issue for our immediate review.

The dispositive question is whether, when the court clerk's office is closed part of the day, the time for filing stands enlarged to the succeeding business day.

Under the applicable statute, 12 O.S.1971 § 82,[1] considered in conjunction with 25 O.S.1971 § 82.1[2] filing time is extended to the next business day when a public office is closed on a holiday declared by legislative enactment.[3] Where by the paramount authority of the legislature—so goes our rationale—a person is prevented from bringing his action through no fault of his own, the terms of 12 O.S.1971 § 82 apply to effect an extension.

Inasmuch as our fundamental law inexorably mandates eight hours for the length of

---

1. 12 O.S.1971 § 82 provides that "[W]hen the last day for the filing of any pleading or written instrument in a public office, or the performance of any act required to be performed in such office, falls on a day when such office is not open for public business, the pleading or other written instrument may be filed or the act performed on the next day when the office is open for the performance of public business."

2. 25 O.S.1971 § 82.1 provides that any act required to be performed on a holiday designated therein may be performed the next succeeding business day without liability attaching or loss of rights of any kind resulting from such delay. See also 25 O.S.Supp.1977 § 82.2.

3. *Crabtree v. Crabtree*, Okl., 420 P.2d 494, 496 [1966]; *Evans v. Davis*, Okl., 406 P.2d 975, 977 [1965].

a legal day's work of public employees,[4] it is not unreasonable for a litigant to expect that the court clerk's office would be open for a period that at least approximates a like number of hours. People having business with public officials have a right to expect their office to be open during at least customary office hours. When that expectation is frustrated by an earlier than usual closing, the terms of 12 O.S.1971 § 82 may be invoked to give a person adversely affected by the action the right to file instruments [or perform other acts] within the time extended by that section.[5]

A member of the public may reasonably expect to file an action in the court clerk's office *at any time during a customary business day.* Hence, a person is entitled to the whole of that day within which to act. If an office is not accessible to the public for the expected length of time during any given day, whatever the reasons may be, that office is not to be deemed "open" that day within the meaning of 12 O.S.1971 § 82 and, by force of that statute, any limitation period will stand enlarged until the succeeding business day.

Order overruling demurrer affirmed and the cause remanded to trial court for further proceedings.

All Justices concur.

---

4. Art. 23 § 1, Okl.Con.

5. In the instant case, the official decision to close early [12:00 o'clock noon] because of bad weather was probably that of either a judge or the county commissioners, but in order to benefit from the extension of 12 O.S.1971 § 82, closing of the court facility need not be effected by the act of an executive or judicial official nor by the command of law. It may happen as well by an act of God, e. g. fire or flood.