John Lawrence FIELDS, Petitioner,

v.

A & B ELECTRONICS and the
Workers' Compensation Court,
Respondents.

No. 70029.

Supreme Court of Oklahoma.

Jan. 30, 1990.

As Corrected Feb. 13 and April 11, 1990.

Anthony M. Laizure, Stipe, Gossett, Stipe, Harper, Estes, McCune & Parks, Tulsa, for petitioner.

Ged Wright, Broken Arrow, for respondent, A & B Electronics.

ALMA WILSON, Justice:

The single issue before this Court is the timeliness of this appeal. We granted certiorari to inquire into the jurisdictional time period in this case and find this appeal was timely commenced on the final day of the limitation period.

The parties did not raise any question as to the jurisdiction of the Court. The Court of Appeals, sua sponte, noted that the Petition for Review was filed in the Office of the Clerk of this Court on the twenty-second day after the mailing of the trial judge's order, which Petitioner seeks to be reviewed.

Appellate proceedings for review of an order of a judge of the Workers' Compensation Court must be commenced within twenty days after a copy of such order has been sent by the Administrator of the Workers' Compensation Court to the parties affected. 85 O.S.1981 § 3.6 and Rule 1.100, Rules of Appellate Procedure, 12 O.S.Supp.1989, ch. 15, app. 2 (amended Oct. 3, 1983). The beginning day of the limitation period for filing this review proceeding

is not at issue. The order sought to be reviewed was mailed to the parties on November 23, 1987. Twenty days thereafter, the final day for filing this appeal was Monday, December 14, 1987. The Petition was filed on Tuesday, December 15, 1987.

■ The Court of Appeals directed the Petitioner to show cause why this appeal should not be dismissed as untimely filed. Petitioner responded that on Friday, December 11, 1987, the Petition for Review, together with the appropriate filing fee, was deposited in the U.S. mail in Tulsa, Oklahoma, addressed to the Office of the Clerk of this Court and that the Clerk's office should have received and filed the Petition on Monday, December 14, 1987. The Petitioner asserts that the appeal should be deemed commenced upon the mailing of the Petition and necessary filing fees. The Court of Appeals properly rejected Petitioner's argument under the authority of *Turrell v. Continental Oil Company,* 466 P.2d 643 (Okla.1970). The Petitioner presented no evidence to establish timely commencement of this review proceeding by the actual filing on Tuesday, December 15, 1987. A critical fact, apparently unknown to Petitioner, of which we take judicial notice, is that the Office of the Clerk of this Court closed before 4:00 p.m. on December 14, 1987, due to heavy sleet and snow. This Court has the power and duty to inquire into the propriety of its jurisdiction. *In re Matter of Initiative Petition Filed November 15, 1983,* 718 P.2d 1353 (Okla.1986). In accord, *Baird v. Independent School District No. 3 of Woodward County,* 622 P.2d 1072 (Okla. 1981); and *City of Tulsa v. Chamblee,* 188 Okl. 94, 106 P.2d 796 (1940). In this original proceeding, this Court may take judicial notice, sua sponte, of facts necessary to determine its jurisdiction, particularly when the fact is capable of ready and accurate determination. 12 O.S.Supp.1989 § 2202.

■ Because the twentieth day after mailing of the appealed order was Sunday, December 13, 1987, the final day for commencement of this appeal would have been Monday, December 14, 1987. The closing of the Clerk's office before 4:00 p.m. on Monday, December 14, 1987, extended the time for filing this appeal to include the next ensuing full business day, Tuesday December 15, 1987. Okla.Const., art. 23, § 1; Rule 1.1, Rules of Appellate Procedure, 12 O.S.1981, ch. 15, app. 2; *David v. Penwalt Corporation,* 592 P.2d 980 (Okla. 1979).

This review proceeding was timely perfected by the filing of the Petition for Review on December 15, 1987. Accordingly, this Court has jurisdiction over this appeal. The Clerk of this Court is directed to reinstate this appeal on the docket, assigned to the Court of Appeals, Division IV, for review.

All the Justices concur.