**In the Matter of the ESTATE OF William C. DALZELL, Deceased.**

**Janice PARTAIN, Appellant,**

v.

**Clifford PORTER, Executor for the Estate of William C. Dalzell, Deceased, Appellee.**

**No. 74061.**

Court of Appeals of Oklahoma, Division 3.

March 26, 1991.

Rehearing Denied May 14, 1991.

Certiorari Denied July 2, 1991.

**538**

Lawrence W. Parish, and, Joel D. Butterworth, Henryetta, for appellant.

Ernest W. Smith, Henryetta, for appellee.

## MEMORANDUM OPINION

GARRETT, Presiding Judge:

On January 18, 1991, this Court directed Appellant to show cause why this appeal should not be dismissed for the failure to file the petition in error within thirty (30) days from the date of the trial court's judgment. The only issue we address is the timeliness of the appeal.

The judgment was rendered on August 29, 1989. Appellant's petition in error was filed in the Supreme Court on September 29, 1989, which was thirty-one (31) days after the judgment was rendered. The petition in error is required to be filed within 30 days after the judgment is rendered. 12 O.S.1981 § 990. The 30–day filing period is jurisdictional and substantive. It is irrelevant that Appellee failed to object or to move for dismissal. Jurisdiction may not be conferred by conduct of the parties.

Appellant requests this Court to give retroactive application to 12 O.S.Supp. 1990 § 1004(A), which provides that the petition in error may be deemed filed if mailed by certified mail, with return receipt requested. This new statute, § 1004(A), became effective January 1, 1991, and may not be given retroactive effect. Its effective date is as follows:

### Effective Date

Section 21 of Laws 1990, c. 251 provides as follows:

This act shall become effective *January 1, 1991*, and shall govern all judgments and appealable orders *rendered on and after that date.* (Emphasis added).

The Court finds that Appellant mailed the petition in error to the Supreme Court Clerk's office by depositing it in the United States mail, with postage prepaid, on September 26, 1989. However, prior to January 1, 1991, mailing was ineffective to constitute filing. See *Turrell v. Continental Oil Co.*, 466 P.2d 643 (Okl.1970), cited approvingly in *Fields v. A & B Electronics*, 788 P.2d 940 (Okl.1990).

It is therefore ordered, adjudged and decreed by the Court that this appeal should be, and is, dismissed.

APPEAL DISMISSED.

HUNTER, C.J., and HANSEN, J., concur.