## In re WILLIAMS.

No. 26107. Nov. 26, 1935.

Rehearing Denied May 26, 1936.

Second Petition for Rehearing Withdrawn June 12, 1936.

N. E. McNeill and Luther P. Lane, for respondent.

Frank G. Anderson, V. P. Crowe, and R. D. Crowe, for State Bar of Oklahoma.

CORN, J. This is a review of recommendations of the Board of Governors of the State Bar of Oklahoma to the effect that the respondent be disbarred from the practice of law in this state for violation of rules 9 and 10 under the title "Causes for Disbarment, Suspension or Other Disciplinary Actions," formulated and adopted under authority of the State Bar Act, the respondent being charged with employing one K. B. Franklin to solicit legal business for him, for which the said Franklin was

to receive 40 per cent. of the net fees received by respondent in all cases procured through his solicitation.

Rules 9 and 10, supra, are as follows:

"9. That he has divided or agreed to divide fees for legal services with anyone other than another attorney entitled to practice law, and if the fee is earned or received in a cause pending in court, then only with an attorney of record therein, Provided, that this provision shall not apply to the sharing of commissions at a commonly accepted rate, upon collections of commercial claims between forwarder and receiver, though one be a lawyer and the other not.

"10. That he has employed, paid, or agreed to pay any person to solicit legal business."

The respondent challenges the sufficiency of the evidence to support the charges, and further contends that disbarment is unwarranted under the circumstances in the case, and pleads for a less drastic penalty in the event disciplinary action is deemed proper.

The record is rather voluminous, but we have reviewed it at length, and while the testimony of the complaining witness, Franklin, is to some extent discredited, yet we are unable to escape the conclusion, and we are thoroughly convinced, as was the Board of Governors, that the respondent is guilty of the violation of said rules as charged in the complaint. In certain instances the evidence is conclusive, and others, although not conclusive, the circumstances strongly indicate the guilt of the respondent, and in our opinion the evidence as disclosed by the record is sufficient to sustain the findings of the Board of Governors.

Counsel for respondent make an eloquent plea to save the professional life of respondent. They emphasize the testimony of character witnesses for respondent and point out the grave consequences of disbarment to a lawyer.

It appears from the record that the respondent is a young man of good character and bears a good reputation for honesty and fair dealing, and otherwise is an estimable citizen, and that with the exception of this charge has an unstained record as a lawyer.

It is very probable that respondent, starting out as a young lawyer, was imposed upon by Franklin, a collector, who assisted him in opening his office when he first entered the practice of law. Franklin had desk room in the same office for a while, and in the pursuit of his own business in the oil fields he occasionally met injured workmen who needed the services of an attorney to prosecute their claims for compensation for their injuries, and in such cases he recommended respondent and brought them to respondent's office, for which he expected remuneration; and it appears that respondent divided the fee in some of these cases, but when he discontinued this practice, Franklin filed these charges.

The violation of these rules of professional conduct cannot be condoned, even under the circumstances in this case, but in view of the good character of the respondent, we feel constrained to apply less drastic disciplinary measures for this first offense than that of disbarment.

In reviewing the action of the Board of Governors of the State Bar in a cause wherein a member of the bar is charged with misconduct constituting a ground for disciplinary action, the Supreme Court will examine the record, and when the finding of the guilt of the respondent is approved, the court will determine and make such disciplinary order as is warranted by the facts and deemed proper under the circumstances of the case.

Taking into consideration the circumstances peculiar to this case, we conclude that the respondent should be disciplined for said unprofessional conduct by suspension of the privilege of practicing law for a period of 90 days from the date this opinion becomes final. And it is so ordered.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, WELCH, and PHELPS, JJ., concur. BAYLESS and GIBSON, JJ., absent.