**F. F. McGEE, Plaintiff in Error,**

v.

**Susie HARRISON et al., Defendants in Error.**

**No. 36134.**

Supreme Court of Oklahoma.

Nov. 3, 1954.

Rehearing Denied Dec. 7, 1954.

Gore & Gore, Altus, for plaintiff in error.

Robinson & Oden and Tal Oden, Altus, for defendants in error.

ARNOLD, Justice.

Plaintiffs commenced this action in the District Court of Jackson County against F. F. McGee, their co-tenant in certain real property, to quiet their respective titles, declare their respective ownership, and to partition the land.

The uncontradicted evidence pertinent to the issues herein raised is: plaintiffs and defendant had inherited the land here in question and owned undivided interests therein; by agreement among themselves defendant F. F. McGee had since 1933 managed the property and collected all the rents therefrom; he allowed the taxes to remain unpaid; in 1940 the land was sold for taxes and defendant purchased the tax title from the purchaser at the tax sale by paying such purchaser the amount which the purchaser had paid plus $25; by agreement with the purchaser the tax deed was made direct to defendant; about a year

later defendant wrote all of his co-tenants telling them he had paid the taxes and requested that each co-tenant send him $90 as a pro-rata share of the amount expended by him in the purchase of the tax deed and for his time and expenses; since that time defendant has continued to manage the property, collect all rents and profits therefrom, and has never accounted to his co-tenants for any of such rents.

The court held that defendant did not acquire title when he became the purchaser at the tax sale but his payment was deemed a mode of paying taxes; that the rents collected offset the expenses incurred on the land; that the quitclaim deed given by one of plaintiffs to defendant after this suit was filed was valid but the interest of said plaintiff was subject to the attorneys' lien of plaintiffs' attorneys, and rendered judgment accordingly, ordering that the land be partitioned. From order overruling motion for new trial defendant appeals.

■ Defendant had both a moral and legal obligation to pay the taxes on the land and his purchase of the tax title was a mode of paying taxes. Akin v. Loudder, 201 Okl. 47, 200 P.2d 763. By his purchase at tax sale he became trustee for his co-tenants which relationship continued until defendant gave proper notice to his co-tenants that he was repudiating the trust and holding title adversely. The only notice given by defendant before this suit was filed was that adverted to above which was not sufficient notice to repudiate the trust. No statute of limitation would start to run until repudiation of the trust relationship. The court's judgment against the defendant is correct. (If, which we do not decide, the court had another theory on which it based its judgment, even though the theory were incorrect, which we do not hold, its judgment against defendant is correct and should be affirmed.)

■ Defendant also argues that the court erred in granting an attorneys' lien on the one-fifth interest which he purchased from one of the heirs 4 days after this suit was filed and before service of summons was had on him. A claim of attorney's lien was endorsed on the original petition filed in the cause on May 26, 1951; summons was issued directed to defendant F. F. McGee, to the tenant on the property, and the County Treasurer and Board of County Commissioners on the same day; the summons was returned showing service on the other defendants but that F. F. McGee "was not found in the county" on June 4th; publication service on McGee was started on July 7th. Under 5 O.S.1951 § 6 giving an attorney a lien upon his client's cause of action when he has endorsed his lien claim upon any pleading filed in a court of record in the cause, and under 12 O.S. 1951 § 151 providing that suit is begun by filing petition and having summons issued thereon, and under 12 O.S.1951 § 180, the lis pendens statute providing that the action is pending when the petition has been filed so as to charge third parties with notice thereof provided that summons be served or first publication made within sixty days of filing the petition, this action was pending with claim of lien endorsed on it at the time defendant acquired the deed from said heir and the interest so acquired is burdened with her attorneys' lien claim.

Affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and CORN, DAVISON, WILLIAMS and BLACKBIRD, JJ., concur.