Ingram JONES, Plaintiff in Error,

v.

Mary Francis JONES, Marcia Ingram Smoke and Sperry Jones, Defendants in Error.

No. 42823.

Supreme Court of Oklahoma.

Sept. 30, 1969.

John Connolly, Oklahoma City, for plaintiff in error.

Fowler, Rucks, Baker, Jopling, Gramlich & Mee, by Richard W. Fowler, Oklahoma City, for defendants in error.

JACKSON, Justice.

The decisive issue for decision is whether plaintiff's alleged cause of action is barred by the Statute of Limitations.

In the trial court plaintiff, Ingram Jones, sued his former wife, Mary Francis Jones, and his two daughters, Marcia Ingram Smoke and Sperry Jones, for the cancellation of a deed he had executed conveying to the daughters an undivided one-half interest in 60 acres of real estate. He alleged that the consideration for the deed was his wife's promise not to contest the divorce action he later filed in Venezuela; that the promise was fraudulently made with an intention not to perform; that when the divorce action was filed she contested the same for a period of five years before the divorce was granted; and he asked that the deed be cancelled and he be declared the owner of the fee simple title to one-half interest in the property, or that he be awarded damages in the amount of the alleged value of the property.

The trial court found the issues generally in favor of the defendants and against the plaintiff and rendered judgment accordingly. Plaintiff appeals.

It is apparent that the general judgment for defendants was rendered either (1) because the action was barred by limitations, or (2) because the agreement plaintiff pleaded, and which his uncontradicted testimony tended to prove, was void as against public policy. We think the first reason is decisive of this appeal and find it unnecessary to consider the second one.

It is the position of plaintiff that his action was one for the enforcement of a resulting or constructive trust in real estate, as to which the limitations period did not begin to run until the trustees (the daughters) renounced the trust; and that there was no such renunciation until their answer was filed in the trial court.

■ In this connection, we observe that plaintiff has erroneously classed resulting trusts and constructive trusts together insofar as the question of when the limitations

period begins to run is concerned. As hereinafter noticed, "resulting trusts" and "constructive trusts" are not synonymous terms. It is true that the limitations period does not begin to run against an action to enforce a resulting trust until the beneficiary receives notice that the trustee has repudiated the trust, McGill v. McGill, 189 Okl. 3, 113 P.2d 826; Guyer v. London, 187 Okl. 326, 102 P.2d 875.

■ As to constructive trusts, other considerations are applicable. "All instances of constructive trusts may be referred to what equity denominates fraud, either actual or constructive, including acts or omissions in violation of fiduciary obligations"; Catron v. First National Bank and Trust Co. of Tulsa, Okl., 434 P.2d 263; Dike v. Martin, 85 Okl. 103, 204 P. 1106. When fraud is the gist of an action to enforce a constructive trust, the applicable statute of limitations is 12 O.S.1961, Sec. 95(3), and the limitations period (2 years) begins to run from the time the fraud is, or should have been, discovered; American Nat. Bank of Enid v. Crews et al., 191 Okl. 53, 126 P.2d 733.

It is the position of defendants that the action was either one for the cancellation of the deed upon the ground of fraud, subject to the 2-year limitation of 12 O.S. 1961, Sec. 95(3), or was an action for the cancellation of the deed upon the ground of failure of consideration, subject to the 5-year limitation of 12 O.S.1961, Sec. 95(7).

Under the pleadings and uncontradicted evidence in this case, the alleged fraud and/or failure of consideration (the wife's breach of her agreement not to contest the divorce action) was fully known to plaintiff almost ten years before he filed this action in the trial court.

It is thus apparent that unless plaintiff's action was one for the enforcement of a resulting trust, and the limitations period never began to run, it was barred by limitations long before it was filed. Our further inquiry will therefore be directed to the question of whether plaintiff's action

was one for the enforcement of a resulting trust.

 In all species of resulting trusts, intention is an essential element, although that intention is never expressed by any words of direct creation; Seran v. Davis, 174 Okl. 433, 50 P.2d 662; 54 Am.Jur. Trusts, Sec. 193. A resulting trust cannot be predicated merely on the breach of a contract; 54 Am.Jur. Trusts, Sec. 195. Stated another way: intention, although only presumed, implied or supposed in law from the nature of the transaction or from the facts and circumstances accompanying the transaction, is always an element of a resulting trust, 54 Am.Jur. Trusts, Sec. 195. There is usually no element of fraud in a resulting trust, and the presence of fraud makes the trust a constructive one; 54 Am.Jur. Trusts, Sections 193 and 218.

In the case now before us, plaintiff's own uncontradicted evidence was that at the time he executed and delivered the deed in question, it was his intention that it should convey all of his one-half interest in the land to his daughters, with no reservations of any kind. Also, about five months before this suit was filed, he wrote a letter to his daughter, Sperry, in which he said "that house is as much yours and Marcia's as it is Mary's". The former wife's full ownership of the other one-half interest in the property is not questioned.

We find no evidence in the record before us of any intention, actual or implied, that the daughters should hold the land in trust for their father, and no evidence of facts and circumstances from which such an intention may be inferred. We therefore hold that plaintiff's action was not one for the enforcement of a resulting trust. The daughters' failure to affirmatively "repudiate" the trust before suit was filed therefore did not toll the running of the limitations period.

We find it unnecessary to decide which of the two suggested limitations periods—the 2-year period prescribed by 12 O.S.1961, Sec. 95(3) or the 5-year peri-od prescribed by 12 O.S.1961, Sec. 95(7) —is applicable since, in either case, the action is plainly barred.

The judgment of the trial court is affirmed.

IRWIN, C. J., and DAVISON, WILLIAMS, BLACKBIRD, HODGES, LAVENDER and McINERNEY, JJ., concur.