Robert BAIRD, Appellant,

v.

INDEPENDENT SCHOOL DISTRICT NO. 3 OF WOODWARD COUNTY, Oklahoma; Cecil Guthrie, Eugene Wanger, John Bruce, Gerald Cooper and Leo Hooper, Members; Mary G. Northrup, Secretary, Woodward County Election Board; Harold Gardner, Chairman, Woodward County Election Board and Ressel Adams, Vice-Chairman, Woodward County Election Board, Appellees.

No. 54898.

Supreme Court of Oklahoma.

Jan. 13, 1981.

Jones & Gungoll by Stephen Jones and James Craig Dodd, Enid, for appellant.

Jack M. Annis and John F. Reichenberger, Woodward, for appellees.

OPALA, Justice:

The dispositive issue raised by this appeal is: Was the school bond election held in contravention of statutory law that prohibits resubmission of the "same proposition" within four months? We answer the question in the negative and affirm the trial court's refusal to enjoin the election.

The Board of Education [Board] of Independent School District No. 3 (also known as the Sharon-Mutual School District) held a bond issue election, pursuant to 70 O.S. 1971 § 15–101, to authorize an indebtedness for the construction of two new buildings at the existing school site in Mutual, Oklahoma. In this election, at which but a *single proposition* stood submitted for voter approval, the issue was defeated.[1] The Board then called for another election to be held

---

1. The *single* proposition submitted at the December 18, 1979 election was:

"Shall Independent School District No. 3 of Woodward County, Oklahoma, incur indebtedness by issuing its negotiable coupon bonds in the sum of Seven Hundred Thousand ($700,-000.00) Dollars, to provide funds for the purpose of constructing, repairing, remodeling, and equipping school buildings, acquiring school furniture, fixtures and equipment and improving school sites...? * * * [T]he dollar amounts to be expended on each specific project [are]: Constructing a gymnasium on the existing school site of Mutual ... $315,-000.00... Constructing a new high school building on the existing school site at Mutual... $175,000.00".

*two months later.* This time *three propositions* were tendered for approval.[2]

██ A qualified voter in the district sought to enjoin the second election because its holding was said to contravene the statutory prohibition against resubmission of the "same proposition" within four months of its defeat. 70 O.S.1971 § 15–102.[3] The trial court declared that the proposed bond election tendered for submission issues which *were not the same* as those defeated in the former election. The aggrieved voter brings this appeal from denial of injunctive relief and from the adverse declaratory judgment. At the election subsequently held all three propositions passed.[4]

The voter contends that the propositions voted upon at the second election were substantially the same in form and substance as those at the former and hence must fall within the statutory interdiction of voter harassment by successive submissions of the "same" issue. The points of similarity urged upon us as critical are: (a) the bonded-indebtedness limit is essentially the same —$700,000 for the former and $720,000 for the new one and (b) the lion's share of the funds to be authorized at both elections is committed to building a new high school and gymnasium. One cost item in the proposed bond issue not found in the former submission—construction of an addition to the elementary school at Sharon—is viewed an inconsequential because it represents but seven percent (7%) of the total proposed bonded indebtedness to be incurred.

The Board asserts the second proposition differs significantly from that submitted at the former election. Some of the differences called to our attention are: (a) at the second election three propositions, separately to be voted upon, stood submitted for voter approval, while at the former there was only one; (b) the cost items for each of the propositions, when considered individually, are substantially different; (c) the second bond issue proposal includes construction at two separate locations while the former at one only and (d) construction of three buildings is contemplated by the second proposal, while two were sought to be authorized previously.

A factual situation similar to that in this case presented itself in *Hawley v. Snider,*[5] a Michigan case. There the first bond election was for $1,360,000 and provided, *inter alia,* for the "construction" of a new high school building. The second bond election

---

**2.** The *three* propositions to be submitted at the February 19, 1980 election are:

Proposition No. 1: "Shall Independent School District No. 3, of Woodward County, Oklahoma, incur an indebtedness by issuing its negotiable coupon bonds in the sum of Fifty Thousand ($50,000.00) Dollars, to provide funds for the purpose of constructing, a two classroom addition to the existing elementary school at Sharon, Oklahoma, purchasing school furniture and fixtures and improving said school site...?"

Proposition No. 2: "Shall Independent School District No. 3 of Woodward County, Oklahoma, incur an indebtedness by issuing its negotiable coupon bonds in the sum of Two Hundred Eighty Thousand ($280,000.00) Dollars, to provide funds for the purpose of constructing and equipping a new high school building on the existing school site at Mutual, Oklahoma, purchasing school furniture and fixtures and improving said school site...?"

Proposition No. 3: "Shall Independent School District No. 3 of Woodward County, Oklahoma, incur an indebtedness by issuing its negotiable coupon bonds in the sum of Three Hundred Ninety Thousand ($390,000.00) Dollars, to provide funds for the purpose of constructing and equipping a gymnasium on the existing school site at Mutual, Oklahoma, purchasing school furniture and fixtures and improving said school site...?"

**3.** The terms of 70 O.S.1971 § 15–102 provide in pertinent part:

" * * * ... provided, that no election shall be called on the same proposition within four (4) months after such proposition has been defeated at an election by the school district electors. * * * "

**4.** This court will take judicial cognizance of those facts occurring subsequent to the appeal which bear directly on its power to review the question sought to be presented. *City of Tulsa v. Chamblee,* 188 Okl. 94, 95, 106 P.2d 796, 797 [1940].

**5.** 346 Mich. 181, 77 N.W.2d 754 [Mich.1956].

was for $525,000 and called for the "refurbishing" of that building. The court, viewing the second bond issue proposal as substantially different in tax incidence, character of cost items and purpose, held the subsequent election was not violative of the statutory restrictions on resubmission.

■ We are here without the benefit of Oklahoma case law construing "same proposition" interdiction of § 15–102. In popular and common parlance, the term "same" means "being one without addition, change, or discontinuance", "of like nature or identity" and "having one nature or individuality".[6] Although *in law* the word "same" does not always mean "identical, not different or other" but is often construed as one "of the kind or species, not the specific thing",[7] we think that in contemplation of § 15–102 *no* proposition falls under resubmission restriction if it substantially differs from the former one in potential tax incidence and in the character of improvements proposed to be erected.

■ As originally enacted, § 15–102 did not provide a restriction on submission of successive bond proposals.[8] It was not until 1971 that the four-month limitation came to be imposed.[9] The object of legislative interdiction of successive elections on the same issue is to protect the electorate from coercion and harassment through official "bombardment" with repeated *attempts at securing the passage of previously defeated proposals by resubmitting them in unaltered form.*[10]

■ The second bond election does differ in form, substance and in tax incidence from the first. This is so because the second submission offers a clear choice of three propositions ranging in cost from $50,000 to $390,000. If a voter had opted to build but a new high school, he was afforded the opportunity not to assume the added indebtedness for a new gymnasium and vice versa. Although in some aspects the second bond issue does bear similarity to the former (since both provide for construction of a new gymnasium and high school), the essential anatomy of the first proposal and its tax consequence came to be fundamentally altered. By making available to the electors the unimpaired freedom to select from three distinct options, every voter came to be afforded the opportunity to reduce the economic effect of the proposed indebtedness and thus alter its tax incidence through approval of that part of the proposed package which represented an acceptable burden. In short, considered individually, none of the three separate and alternative propositions that were passed may be deemed substantially identical to the single issue that stood before the voters in the original submission. Neither can we say that the three alternatives which were adopted, viewed in the aggregate as an integrity and not in the alternative, were so coextensive in scope with the original submission as to afford the voter no more than a rerun of the same proposition. These factors appear to be the very crux of the test to be used here in judicially assaying compliance with § 15–102.

We are therefore of the opinion and hold that the multiple-proposition election under review did not offend the § 15–102 prohibition against voter harassment by resubmission of identical proposals.

Affirmed.

IRWIN, C.J., BARNES, V.C.J., and WILLIAMS and SIMS, JJ., concur.

HODGES, LAVENDER, DOOLIN and HARGRAVE, JJ., dissent.

---

6. Webster's Third International Dictionary, Third Edition, Unabridged, at 2007 [1961].

7. Black's Law Dictionary, Fourth Edition, at 1507 [1951].

8. Okl.Sess.L. 1913, c. 219, art. 6, § 20.

9. Okl.Sess.L. 1971, c. 110, § 1.

10. *Godwin Heights Public Schools v. Board of Supervisors,* 363 Mich. 337, 340, 109 N.W.2d 771, 774 [Mich.1961]; *Groh v. City of Battle Creek,* 368 Mich. 653, 118 N.W.2d 829 [Mich. 1962].