2009 OK 43

**Gayle L. NICHOLS, Plaintiff/Appellant**

v.

**Orville B. NICHOLS II, Defendant**

and

**Riggs, Abney, Neal, Turpen, Orbison & Lewis, Inc., Defendant/Appellee.**

No. 103,950.

Supreme Court of Oklahoma.

June 23, 2009.

Rehearing Denied Feb. 1, 2010.

Anthony P. Sutton, Sutton, Davis & Staggs, P.A., Tulsa, OK, for Plaintiff/Appellant.

Richard T. Garren, Sharon K. Weaver, Riggs, Abney, Neal, Turpen, Orbison & Lewis, Inc., Tulsa, OK, for Defendant/Appellee.[1]

---

1. Identified herein are only those counsel for the parties who have entered an appearance in this cause (as required by Okla.Sup.Ct.R. 1.5(a), 12

OPALA, J.

¶1 The dispositive issue on certiorari is whether the Court of Civil Appeals erred in reversing the trial court's order. We answer in the affirmative.

## I

## THE ANATOMY OF LITIGATION

¶2 Riggs, Abney, Neal, Turpen, Orbison and Lewis (Law Firm) represented Gayle Nichols (wife or client) in her divorce case. After the divorce was granted, Law Firm filed on behalf of its client an amended application for an attorney's fee and costs in the total amount of $151,991.12.[2] In June 1999 the trial court awarded to the wife for her attorney's fee and costs the amount of $37,383.38 for the discharge of her liability to legal counsel.[3] The award was made to the wife by the following words:

> * * *[T]he Court, having heard the testimony of Plaintiff and Defendant's respective counsel, having reviewed the verified pleadings, hearing arguments and stipulation of counsel and being fully advised in the premises finds and ORDERS judgment for the Plaintiff for attorney fees of $34,784.50 and costs in the amount of $2,598.88 for a total judgment in the sum of $37,383.38. * * *
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the Plaintiff is awarded a judgment against the Defendant, ORVILLE B. NICHOLS, II, for her attorney fees and costs in the total sum of Thirty Seven Thousand Three Hundred Eighty Three and Thirty Eight One Hundredths Dollars ($37,383.38) all for which execution may issue.

Law Firm later withdrew from representation because of a dispute over the counsel fee.[4] It originally gave notice of its attorney's lien upon the entry of appearance and later upon its application to withdraw.

¶3 In February 2000 the wife filed a voluntary bankruptcy and obtained a discharge on September 12 of that year.[5] She listed on her bankruptcy schedule Law Firm's claim for an attorney's fee and costs as an unsecured debt.

¶4 In June 2004 the wife renewed[6] the counsel-fee award and brought proceedings against her husband to collect that award. On 10 March 2005, shortly after learning about the wife's collection efforts **but before any money had come into her hands,** Law Firm moved to enforce its charging lien. Law Firm claimed that (a) it had a valid and enforceable lien upon the award as well as a prior claim to all funds that may come into the wife's hands by her collection efforts; (b) the efficacy of the lien is subject to the time limit set by the attorney's lien statute, 5 O.S.2001 § 8,[7] and the lien may be enforced within one year after the attorney becomes

O.S.2001, Ch. 15, App.1) and whose names appear on the certiorari briefs.

2. According to wife's 3 May 1999 amended application, (a) she had been represented in the divorce case by three different law firms and incurred legal fees and costs of $134,761.67; (2) she incurred legal fees of $17,299.45 in her husband's bankruptcy case; (3) Law Firm represented her at the time the divorce was granted and represented her interests in the bankruptcy case.

3. *See Owens v. Owens,* 1953 OK 310, 264 P.2d 341.

4. Law Firm's 2 July 1999 application to withdraw states that the wife had failed to pay in full for the legal services rendered.

5. *In re: Gayle Lynn Nichols,* No. 00–11323 CEM, United States Bankruptcy Court, District of Colorado.

6. A judgment's renewal means that the lien's efficacy stands extended for another five years. See the provisions of 12 O.S.Supp.2002 § 735(A)(2); 12 O.S.2001 § 759(C)(2).

7. The provisions of 5 O.S.2001 § 8 are:

> Should the party to any action or proposed action, whose interest is adverse to the client contracting with an attorney settle or compromise the cause of action, claim or judgment wherein any lien perfected under Sections 6 and 7 of this title is involved and such settlement or compromise is made without the consent of the attorney holding such lien, such adverse party shall thereupon become liable to such attorney for the fee due that was due or would have become due under a contract of employment but for the settlement. After judgment in any court of record, the attorney's lien, provided for herein may also be effective against the judgment debtor upon endorsement of the words "subject to the attorney's

aware that the party to whom the judgment is granted attempts to compromise or settle the judgment without the consent of counsel; and (c) it timely complied with the § 8 time limit by the 10 March 2005 filing of its motion to enforce the lien. Law Firm claims that on 7 March 2005 it was informed by husband's counsel of wife's collection efforts.[8] The wife countered that Law Firm's charging lien is unenforceable because the underlying obligation for the attorney's fee is barred by laches, the running of the statute of limitations found in 12 O.S.2001 § 95[9] and her discharge in bankruptcy.

¶5 The trial court initially made a finding of fact that the bankruptcy trustee had abandoned any claim the bankrupt might have to the counsel-fee award.[10] This finding was incorporated in its decisional disposition holding that Law Firm had an enforceable charging lien in the fee award. Wife brought an appeal from the trial court's order.

## II

## COCA'S OPINION AND THE PARTIES' CERTIORARI ARGUMENTS

### The Court of Civil Appeals' Reversal

¶6 The Court of Civil Appeals (COCA) reversed the trial court's order. Its decision rests on the view that the charging lien was barred by the running of the statute of limitations on the underlying debt to the Law Firm. COCA reasons that because Law Firm's action to enforce its charging lien was filed more than five years after the firm's last date of representation, the underlying debt for the attorney's fee that the lien secured was barred by the five-year statute of limitations for written contracts in 12 O.S. 2001 § 95[11] and the lien provisions of 42 O.S.2001 § 23,[12] rather than the one-year limitation period of 5 O.S.2001 § 8. Because its reversal was based solely on a time bar, COCA did not deal with any other challenges to the trial court's decision.

### The Parties' Certiorari Arguments

¶7 Law Firm argues COCA erred in applying to the claim the statute of limitations in 12 O.S.2001 § 95 and the general lien provisions of 42 O.S.2001 § 23 in concluding that its charging lien was unenforceable. According to Law Firm (a) these statutes are not applicable to an attorney's charging lien; (b) the Legislature carved out of the general lien statute the category of attorneys' charging liens and provided in 5 O.S.2001 §§ 6[13]

lien in favor of [insert name]" on the judgment. **An attorney may enforce any lien provided for by this act in any court of competent jurisdiction by action filed within one (1) year after the attorney becomes aware of such compromise or payment of such judgment, or judgment may be rendered on motion in the case in the court in which the suit was brought.**
(emphasis added).

8. Law Firm's motion also claims that (a) it had a possessory lien on a cashier's check made payable to wife in the amount of $63,452.96 (b) but that unbeknownst to it, wife had secured a replacement check from the issuing bank by falsely claiming that the check was lost. There is nothing in the record to support this contention.

9. The terms of 12 O.S.2001 § 95 provided:
Civil actions other than for the recovery of real property can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:
First. Within five (5) years: An action upon any contract, agreement, or promise in writing;

10. The trial court's 26 October 2006 order adopted and incorporated its earlier findings of fact and conclusions of law entered 22 September 2006.

11. For the provisions of 12 O.S.2001 § 95 see *supra* note 9.

12. The terms of 42 O.S.2001 § 23 are:
A lien is extinguished by the mere lapse of the time within which, under the provisions of civil procedure, an action can be brought upon the principal obligation.

13. The terms of 5 O.S.2001 § 6 are:
From the commencement of an action, or from the filing of an answer containing a counterclaim, the attorney who represents the party in whose behalf such pleading is filed shall, to the extent hereinafter specified, have a lien upon his client's cause of action or counterclaim, and same shall attach to any verdict, report, decision, finding or judgment in his client's favor; and the proceeds thereof, wherever found, shall be subject to such lien, and no settlement between the parties without the approval of the attorney shall affect or destroy such lien, provided such attorney serves notice upon the defendant or defen-

and 8 a specific method for their enforcement; and (c) its motion to enforce the lien was timely brought.

¶ 8 Wife counters that COCA correctly determined (a) the provisions of 5 O.S.2001 § 8 do not create an exception to the generally applicable statute of limitations and (b) the attorney's charging lien stands extinguished when the claim for the underlying debt becomes time barred.

¶ 9 We granted certiorari on Law Firm's quest for corrective relief and now *vacate* COCA's opinion, *affirm* the trial court's disposition on a theory different from that on which it was rested below and, for the reasons to be stated, *remand* the cause for further proceedings to be consistent with today's pronouncement.

 ¶ 10 An appellate court has a common-law duty to affirm a trial judge's decision if it can be supported by any applicable legal theory.[14] We need not reach for discussion Law Firm's lien theory. Another analysis is fully explanatory of Law Firm's rights and provides ample basis for the trial court's disposition.

dants, or proposed defendant or defendants, in which he shall set forth the nature of the lien he claims and the extent thereof; and said lien shall take effect from and after the service of such notice, but such notice shall not be necessary provided such attorney has filed such pleading in a court of record, and endorsed thereon his name, together with the words "Lien claimed."

14. An appellate court will affirm a correct judgment on any applicable theory. *Akin v. Missouri Pacific R. Co.*, 1998 OK 102, ¶ 35, 977 P.2d 1040, 1054; *Bivins v. State ex rel. Oklahoma Memorial Hosp.*, 1996 OK 5, ¶ 22 n. 40, 917 P.2d 456, 465; *Matter of Estate of Maheras*, 1995 OK 40, ¶ 7 n. 6, 897 P.2d 268, 272; *Wright v. Grove Sun Newspaper Co., Inc.*, 1994 OK 37, ¶ 18, 873 P.2d 983, 992. If legally correct, a trial court's ruling will not be reversed because of its faulty reasoning, erroneous finding of fact or its consideration of an immaterial issue. *Willis v. Nowata Land and Cattle Co.*, 1989 OK 169, ¶ 13, 789 P.2d 1282, 1286–87; *Davidson v. Gregory*, 1989 OK 87, ¶ 14 n. 23, 780 P.2d 679, 685 n. 23; *Utica Nat'l Bank and Trust Co. v. Associated Producers Co.*, 1980 OK 172, ¶ 20, 622 P.2d 1061, 1066.

15. For the varied expressions that have been used by the trial court in making a counsel-fee

**III**

## THE COUNSEL–FEE AWARD IN FAVOR OF THE WIFE (AND ANY MONEY THAT COMES INTO HER HANDS IN PAYMENT OF THAT AWARD) IS IMPRESSED BY OPERATION OF LAW BY A CONSTRUCTIVE TRUST FOR THE BENEFIT OF THE SERVICE–RENDERING LAW FIRM

**A.**

### Law Firm Has A Beneficial Interest In the Constructive Trust Impressed By Operation of Law On the Counsel–Fee Award

 ¶ 11 When an award for an attorney's fee is made directly to the client who is a party,[15] a constructive trust attaches *eo instante* by operation of law to the award[16] for the benefit of the lawyer who performed the services for which compensation is allowed. The legal entitlement to the award goes to the client, but the beneficial interest is created in favor of the lawyer. The client stands as a **constructive trustee** and the lawyer as a **constructive beneficiary** (*cestui que trust*).[17] It is the dual title—the split-

allowance in divorce cases, see *Owens v. Owens*, *supra* note 3.

16. Trusts are created by one's voluntary act and by operation of law. A constructive trust arises by operation of law and is rested on a relational duty created by the ancient rules of chancery jurisprudence. It is imposed when an individual obtains a legal right to property through fraudulent, abusive means or through a method which violates equity and good conscience. *Delk v. Markel American Ins. Co.*, 2003 OK 88, ¶ 19 n. 48, 81 P.3d 629, 640; *Matter of Estate of Ingram*, 1994 OK 51, ¶ 19, 874 P.2d 1282, 1287. The primary reason for imposing a constructive trust is to avoid unjust enrichment. *Easterling v. Ferris*, 1982 OK 99, ¶ 10, 651 P.2d 677, 680.

17. A *cestui que trust* is a beneficiary of a trust. Black's Law Dictionary 221 (Revised 7th ed.1999). The obligation of a trustee by operation of law is drawn from the status of trustee/*cestui que trust* relation. *Resolution Trust Corp. v. Greer*, 1995 OK 126, 911 P.2d 257; *Rees v. Briscoe*, 1957 OK 174, 315 P.2d 758, 762–63.

ting of title into legal and equitable components—that creates the constructive trust. If money for satisfaction of the counsel-fee award comes into the hands of a constructive trustee it stands impressed *eo instante* in trustee's hands with the earmarks of the trust res.

¶ 12 The application of constructive-trust law to a counsel-fee award operates to protect the ethical restraints upon legal practitioners. These restraints prohibit a lawyer from sharing fees with nonlawyers and disallows a nonlawyer's attempt to lay claim to an attorney's fee.[18]

¶ 13 The constructive trust arises here from the wording of the counsel-fee award and the attorney-client relationship. When the wife was awarded an attorney's fee, she then stood as a constructive trustee of the award for the benefit of the Law Firm by operation of law. An ethical conflict would have arisen in violation of law if she were declared the sole beneficiary of that award. This is so because such declaration would constitute a legally impermissible award of an attorney's fee to a nonlawyer. In short, the imposition of a constructive trust in favor of the service-rendering lawyer assures the award's conformity to applicable law.

## B.

### *Limitations Had No Impact On Law Firm's Interest In The Counsel–Fee Award*

¶ 14 COCA's pronouncement that Law Firm's right in the fee award was unenforceable rested on a charging lien's analysis, not on a constructive-trust theory. The **continuing trust character** of the award operates against the running of any limitation in favor of the wife until she (*qua* constructive trustee) has clearly repudiated the trust and the repudiation has been brought to the attention of the trust beneficiary.[19]

¶ 15 We cannot tell **from this record whether there has ever been a repudiation of the trust** which would trigger the running of a statute of limitations, if any be applicable. If a repudiation did indeed occur when wife's counsel informed Law Firm by letter that it had no viable claim to the counsel-fee award and demanded that the lawsuit be withdrawn, it had no effect on the running of any applicable statute of limitations. This is so because it occurred during the litigation.[20] In short, this record neither shows a repudiation of the constructive trust nor discloses that any statute of limitations had run before the action was brought. If an issue should be pressed again on remand, its determination must be made by the trial court.[21]

**18.** The terms of Rule 5.4(a), Oklahoma Rules of Professional Conduct, 12 O.S.Supp.2007, Ch. 1, App.3–A, provide that a "lawyer or law firm shall not share legal fees with a nonlawyer" except in certain instances not applicable to this case. See *In re Williams*, 1935 OK 1161, 58 P.2d 145, 146, 177 Okla. 190.

**19.** (1) For the common-law rule of repudiation see *Goodall v. Trigg Drilling Co., Inc.*, 1997 OK 74, 944 P.2d 292; *Jones v. Jones*, 1969 OK 147, ¶ 9, 459 P.2d 603, 604; *Catron v. First Nat'l Bank & Trust Co. of Tulsa*, 1967 OK 107, ¶ 31, 434 P.2d 263; *Becker v. State ex rel. Dep't of Public Welfare*, 1957 OK 102, ¶ 0 syl. 6, ¶ 40, 312 P.2d 935, 942; *McGee v. Harrison*, 1954 OK 299, ¶ 0 syl. 1, 277 P.2d 161.(2) A trustee cannot repudiate a statutory trust. *Kinzy v. State ex rel. Oklahoma Firefighters Pension and Retirement System*, 2001 OK 24, 20 P.3d 818 (the court noted the rule of repudiation would have been the correct resolution if the firefighters pension were a private trust) (3) The statute of limitations starts to run on the fraud-based claim of an express-trust

beneficiary when the beneficiary learns that it has suffered damage that might be the trustee's fault. *Mud Trans, Inc. v. Foster–Dickenson & Co., Inc.*, 1993 OK 94, 856 P.2d 282. In *Mud Trans* the beneficiary of an investment trust learned of its economic loss and of possible trustee misconduct surrounding those losses four years before it sued the trustee. *Kinzy* and *Mud Trans* are distinguishable on the facts and their rejection of the repudiation rule would not apply to the instant case.

**20.** *In re 1973 John Deere 4030 Tractor*, 1991 OK 79, ¶ 7, 816 P.2d 1126, 1129 fn. 1 (the pendency of a lawsuit stops the running of limitations).

**21.** We do not decide here whether counsel's letter constituted a repudiation of the constructive trust. It is not the function of this court to make first-instance determinations of fact or legal questions which have not been made at nisi prius. *Broadway Clinic v. Liberty Mut. Ins. Co.*, 2006 OK 29, ¶ 26, 139 P.3d 873, 880; *Davis v. Gwaltney*, 1955 OK 362, ¶ 13, 291 P.2d 820, 824.

## C.

### Laches and Wife's Discharge in Bankruptcy Are Not Acceptable Theories For Defeating Law Firm's Claim

¶ 16 The wife's bankruptcy had no effect on Law Firm's rights in the counsel-fee award. This is so because (a) the award was viable and could be enforced,[22] (b) the bankruptcy trustee abandoned any claim the bankrupt might have to the counsel-fee award, and (c) the counsel-fee award in favor of the wife was not for her benefit but stood impressed with a constructive trust for the benefit of another. This analysis is consistent with federal bankruptcy law.[23]

¶ 17 Laches cannot defeat the wife's status as trustee for the benefit of Law Firm.[24] The latter has no duty vis-a-vis the wife until she receives money in payment of the award and has repudiated the trust. As the record reveals, this litigation was brought below before any funds had been collected from the husband.

### Wife's Due Process Challenge

¶ 18 Wife argued for the first time on appeal that she had never been given her due process opportunity to litigate the reasonableness and necessity of Law Firm's claimed fees. Law Firm countered that (a) it had vigorously argued the reasonableness of the fees and costs, (b) the trial court found the reasonable amount to be $37,383.38 and (c) the wife was given ample opportunity to challenge the amount of its charging lien and to brief as well as argue that issue in the trial court. Because in Part V(B) *infra*, we remand this cause for a determination of the quantum of Law Firm's interest in the funds collected, the wife will have the opportunity she seeks and her due process rights will be preserved.

## IV

### CERTIORARI–RELATED COUNSEL FEE

¶ 19 A certiorari-related counsel fee may be granted in cases where there is statutory authority to award a fee for legal services rendered in the trial of a cause.[25] Both the wife and Law Firm claim a certiorari-related counsel fee for services in this court and costs.

¶ 20 No trial-related counsel fee was awarded to Law Firm as the prevailing party at nisi prius. Nor does Law Firm inform us of any authority in support of its certiorari-related counsel-fee quest. Where, as here, no statutory authority is shown to grant an attorney's fee at the trial level, additional fees will not be assessed for legal services rendered in an appellate court. The wife is not entitled to certiorari-related counsel fee and costs. She is neither the successful litigant on certiorari nor may she stand

22. The wife renewed the counsel-fee award in accordance with the provisions of 12 O.S.Supp. 2002 § 735.

23. Federal jurisprudence holds that property which has been impressed with a constructive trust for the benefit of another is not deemed the property of the bankrupt's estate. See, *e.g.*, *In re Foster*, 275 F.3d 924 (10th Cir.2001) (property subject to a constructive trust is not included in property of the bankruptcy estate); *In re Mahan & Rowsey, Inc.*, 817 F.2d 682, 684 (10th Cir.1987)(property held in trust is not property of the bankrupt's estate); *In re Morris*, 260 F.3d 654 (6th Cir.2001); *In re Charwill Const., Inc.*, 391 B.R. 7 (D.N.H.2007); *In re Halverson*, 151 B.R. 358, 362 (M.D.N.C.1993); *see also United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205 n. 10, 103 S.Ct. 2309, 2314 n. 10, 76 L.Ed.2d 515 (1983) ("We do not now decide the outer boundaries of the bankruptcy estate. We note only that Congress plainly excluded property of others held by the debtor in trust at the time of the filing of the petition").

24. Laches is an equitable defense against the tardy prosecution of stale claims not yet barred by limitations. Before a claim will be considered barred by laches it must be shown that (a) there has been an unreasonable delay in the commencement of proceedings to enforce the claim and that (b) by reason of this delay the defendant has been materially prejudiced. *Hedges v. Hedges*, 2002 OK 92, ¶ 8, 66 P.3d 364, 368.

25. *Sisney v. Smalley*, 1984 OK 70, ¶ 20, 690 P.2d 1048, 1051 ("Whenever there is statutory authority to award attorney fees in the trial of a matter, additional fees may be allowed (to the prevailing party) for legal services rendered in the appellate court."). See also Rule 1.14(b), Oklahoma Supreme Court Rules, 12 O.S.2001, Ch. 15, App. 1.

here in the capacity of a divorcing wife *vis-a-vis* the lawyer.[26]

¶ 21 We hold that each litigant, *qua* client, is responsible for compensating his own lawyer.

## V

## GUIDANCE GIVEN THE TRIAL COURT FOR PROCEEDINGS TO BE CONDUCTED ON REMAND

### A.

### *Issues Settled by Today's Pronouncement*

¶ 22 By today's pronouncement we settle that (*l*) a constructive trust attached by operation of law to the counsel-fee award (allowed the wife against the husband) and to any other funds she may collect as constructive trustee in payment of that award; (2) the wife is a constructive trustee of the trust; (3) Law Firm, which represented the wife when the counsel fee was awarded, is a beneficiary of the constructive trust; (4) on this record Law Firm's right in the award is not time barred and (5) enforcement of the trust res may go forward after the trial court's resolution of certain issues that may be pressed in post-remand proceedings and will have to be resolved before this litigation can come to an end.

### B.

### *Issues Arising From Pre- and Post–Judgment Events To Be Determined In Post–Remand Proceedings*

¶ 23 While appellate scrutiny is generally confined strictly to the record of proceedings conducted below, a well-recognized exception allows an appellate tribunal to consider those after-occurring facts, transpiring during the pendency of an appeal, which may adversely affect the reviewing court's capacity fully to administer effective relief.[27]

¶ 24 Some of the issues to be determined upon remand arose since the appealed-from decision was made below. We cannot ignore the reality that if after-occurring facts should indeed be present, their resolution might affect the outcome of the dispute. Because these facts must be determined in order to finalize this dispute's resolution, post-remand adversarial proceedings will be necessary for the purpose of bringing this litigation to an end.

¶ 25 Law Firm's brief informs us that during the pendency of this appeal, the wife collected from the husband funds in payment of the counsel-fee award. The funds were made available by check payable to three parties—the wife, her current counsel and Law Firm. The check has been held by wife's counsel pending resolution of the appeal. Law Firm brought against the wife a separate foreclosure action within one year of the counsel-fee payment.[28]

### *The Issue Based on Pre–Appeal Events*

¶ 26 Because the constructive-trust theory was not before the trial court, the issue of whether there was a repudiation of the trust which operates to bar Law Firm's action is now available to the wife if adversarial evidentiary proceedings will be sought.

### *Issues Based On Post–Appeal Events*

¶ 27 (1)Law Firm is entitled to an adversarial evidentiary hearing to determine the quantum of its beneficial interest in the funds held by the wife in constructive trust.

¶ 28(2) Because neither the funds were in existence when the lawsuit was filed nor when it came to be terminated in the trial

---

26. While counsel-fee allowance claimed in matrimonial disputes never depends on one's status as prevailing party in the case, it may be granted to a litigant who qualifies for the added benefit by the statute—mandated process of judicial balancing of the parties' equities. *Larman v. Larman*, 1999 OK 83, ¶ 20, 991 P.2d 536, 543. The wife stands in a different status here-that of constructive trustee *vis-a-vis* the beneficiary-Law Firm.

27. *Northeast Okla. Elec. Cooperative, Inc. v. State ex rel. Corp. Com'n*, 1991 OK 28, ¶ 7, n. 6, 808 P.2d 680, 683, n. 6; *Lawrence v. Cleveland County Home Loan Auth.*, 1981 OK 28, ¶ 6, 626 P.2d 314, 315; *Baird v. Independent School Dist. No. 3 of Woodward County*, 1981 OK 1, ¶ 3, n. 4, 622 P.2d 1072, 1074, n. 4; *City of Tulsa v. Chamblee*, 1940 OK 431, ¶ 11, 106 P.2d 796, 797.

28. Law Firm states that its foreclosure action (CJ–07–6752) is pending in the district court.

court, the wife is entitled to an adversarial evidentiary hearing to determine the total sum due the Law Firm from the money she collected from the husband in payment of the counsel-fee award. If Law Firm should take the position the wife was required to press that issue earlier in the litigation process, the burden shall be cast on the Law Firm to prove and persuade the court that the quantum earned may no longer be placed in contest.

¶ 29(3) The husband's check in payment of the counsel-fee award shall be paid into court. The proceedings to follow below shall be conducted against the interest in that check.

¶ 30(4) The trial court is directed to consolidate Law Firm's later-filed foreclosure action with this suit for trial and disposition of post-remand issues in the same case.

## VI

### SUMMARY

¶ 31 The counsel-fee award in favor of the wife and any money that comes into her hands in payment of that award are impressed by operation of law with a constructive trust for the benefit of the service-rendering law firm. The wife is a constructive trustee of the trust. Law Firm is its beneficiary. The application of constructive-trust law to a counsel-fee award operates to protect ethical restraints imposed upon legal practitioners.

¶ 32 The continuing character of the award that constitutes the trust res militates against the running of limitations until there has been a repudiation of the trust by its trustee. This record does not disclose that any applicable statute of limitations has run or that there has been a repudiation of the trust. The parties' due process rights stand preserved by allowing them an opportunity to seek on remand judicial ascertainment of the quantum of Law Firm's interest in the fee award made to the wife and to address other post-remand issues deemed timely and pertinent.

¶ 33 On certiorari granted upon the law firm's petition, the Court of Civil Appeals'

opinion is vacated, the trial court's order is affirmed; the cause is remanded for further proceedings to be consistent with today's pronouncement.

¶ 34 EDMONDSON, C.J., TAYLOR, V.C.J., and HARGRAVE, OPALA and WINCHESTER, JJ., concur.

¶ 35 KAUGER, WATT and COLBERT, JJ., dissent.

¶ 36 REIF, J., disqualified.

TAYLOR, V.C.J., concurring

¶ 1 I concur in this opinion and emphasize that this cause is remanded to the trial court for consideration of evidence and argument, and then to determine the interest, if any, the Law Firm may have in this fee award. Nothing in this opinion determines the amount, if any, of additional attorney's fee owed to the Law Firm by the wife. All that is left to the trial court after an appropriate hearing on remand.