273 P.3d 78 (2011)
2012 OK CIV APP 20
STATE of Oklahoma ex rel. DEPARTMENT OF TRANSPORTATION, Plaintiff/Appellee,
v.
Richard L. WOLFE and Linda S. Wolfe, Husband and Wife, Defendants/Appellants, and
The Stephens County Treasurer, Defendant.
No. 108,485. Released for Publication by Order of the Court of Civil Appeals of Oklahoma, Division No. 2.
Court of Civil Appeals of Oklahoma, Division No. 2.
November 21, 2011.
Certiorari Denied February 13, 2012.
*79 Ron R. Mason, James E. Warner III, Gideon A. Lincecum, Holladay & Chilton PLLC, Oklahoma City, Oklahoma, and Becky D. McDown, Oklahoma Department of Transportation, Oklahoma City, Oklahoma, for Plaintiff/Appellee.
Kent P. Sullivan, Michael P. Sullivan, Leach & Sullivan, Limited Liability Partnership, Duncan, Oklahoma, for Defendants/Appellants Richard L. Wolfe and Linda S. Wolfe.
DEBORAH B. BARNES, Presiding Judge.
¶ 1 Defendants/Appellants Richard L. Wolfe and Linda S. Wolfe, husband and wife (the Wolfes) appeal the trial court's "Court Order Denying [the Wolfes'] Objection to Commissioners' Award," filed on June 15, 2010. Plaintiff/Appellee State of Oklahoma ex rel. Department of Transportation (DOT) condemned a portion of the Wolfes' property (the Wolfes' Property), rendering it landlocked. DOT also condemned neighboring property (the Askins' Property) not owned by the Wolfes for the purpose of granting the Wolfes an easement of access to a public road. The Wolfes argue DOT did not have the authority to condemn the Askins' Property and, therefore, a new estimate of just compensation should be ordered based on their property being landlocked. In the June 15, 2010 Order, the trial court, in pertinent part, overruled the Wolfes' objection to the condemnation of the Askins' Property. Based on our review of the record on appeal and applicable law, we affirm the June 15, 2010 Order.

FACTS AND PROCEDURAL BACKGROUND
¶ 2 In April of 2007, DOT filed an amended petition to condemn a portion of the Wolfes' Property "[f]or the purpose of establishing, constructing and maintaining the State Transportation System in Stephens County, Oklahoma ...."[1] Three commissioners were appointed to determine the amount of just compensation for the taking. In addition to being provided a description of the Wolfes' *80 Property to be condemned, the commissioners were provided a description of a temporary easement that would connect the Wolfes' Property to a public road until "the completion of construction upon this highway project."[2] The commissioners' report, filed in June of 2007, established $140,000 as their estimate of just compensation.[3]
¶ 3 The Wolfes filed an exception to the commissioners' report in July of 2007. However, the Wolfes objected not to the taking of their property, but to the taking of the Askins' Propertycertain adjoining property owned by their neighbor against which DOT filed a petition to condemn in January of 2007.[4] The Wolfes argued that DOT lacks authority to condemn the Askins' Property because it was to be taken solely for a private purposeto give the Wolfes "the right of access through a driveway on [the] Askins[' P]roperty."[5] The Wolfes argued that if DOT did not have the authority to do this, "then [we] will not have any access to the property and the instructions to the commissioners were erroneous in that the instructions did not properly instruct the Commissioners on all of the damages that [we] would incur."[6]
¶ 4 During the two years following the Wolfes' exception to the commissioners' report, the Wolfes and DOT made various filings and supplemental filings addressing the issues raised by the Wolfes in their exception. Meanwhile, the highway project was completed,[7] and, in an "Agreed Journal Entry" filed in July of 2009, DOT successfully condemned the Askins' Property and the owners of the Askins' Property were awarded just compensation.[8]
¶ 5 A hearing on the Wolfes' exception and the parties' subsequent filings was held on April 9, 2010. At the hearing, the Wolfes again argued DOT did not have authority to take the Askins' Property and that the Wolfes' Property is therefore landlocked. Counsel for the Wolfes stated: "[T]here's no reason [for DOT] to take this property for this benefit. Their remedy is that this is landlocked; they have got to pay for it. That's what is supposed to happen. It's landlocked. They've got to pay for it." He further stated: "[DOT's] job is to take what they need, not to take some private property for this person's benefit to reduce the damages."[9]
¶ 6 In its June 15, 2010 Order, the trial court found as follows:
1. That ODOT is the fee simple owner of [the Askins' Property]. That, although the Askins['] Property was not used for construction of the on/off ramps related to the Highway 81 Bypass, said property was needed to provide a private way of necessity in relation to the Wolfes' Property. Accordingly, condemnation of the Askins['] Property was consistent with the provisions set forth in Article 2, Oklahoma Constitution, § 23-24.
2. The Court overrules the [Wolfes'] Objection to Commissioners Award, subject to the conditions set forth in Paragraph 3 below.
3. ODOT is allowed thirty (30) days from this date ... to grant a perpetual easement or deed for the benefit of the [Wolfes] and their successors. If such is not made, the Court will reconsider its decision and allow reappraisal of the subject.
¶ 7 A "Notice of Granting of Easement" was filed in June of 2010, evidencing the granting of a perpetual easement to the Wolfes.[10] From the June 15, 2010 Order, the Wolfes appeal.

STANDARD OF REVIEW
¶ 8 The dispositive questions on appeal are whether the Wolfes' fundamental *81 argumentthat DOT did not have authority to condemn the Askins' Propertyis justiciable in this proceeding, and whether this argument constitutes an attempt to assert constitutional rights vicariously. These are questions of law and are therefore reviewed de novo. Weeks v. Cessna Aircraft Co., 1994 OK CIV APP 171, ¶ 5, 895 P.2d 731, 733 (approved for publication by the Oklahoma Supreme Court). When reviewing questions of law under the de novo standard, "an appellate court claims for itself plenary[,] independent and non-deferential authority to reexamine a trial court's legal rulings." Kluver v. Weatherford Hospital Authority, 1993 OK 85, ¶ 14, 859 P.2d 1081, 1084 (citation omitted).

ANALYSIS
¶ 9 The only basis for the Wolfes' exception to the commissioners' report is their assertion that they do not have an easement because DOT did not have authority, pursuant to Article II, § 23 of the Oklahoma Constitution,[11] to condemn the Askins' Property. We must determine whether the Wolfes' challenge to DOT's constitutional authority to take the Askins' Propertyproperty for which just compensation has already been awarded pursuant to the July 2009 "Agreed Journal Entry"is justiciable in this proceeding.
¶ 10 "To be a proper subject for adjudication, a controversy must be `justiciable', that is, appropriate for judicial inquiry." Application of State of Oklahoma ex rel. Department of Transportation, 1982 OK 36, ¶ 6, 646 P.2d 605, 608-609. "Included within the rubric of `justiciability' is a controversy which is (a) definite and concrete, (b) concerns legal relations among parties with adverse interests and (c) is real and substantial so as to be capable of a decision granting or denying specific relief." Id. at 609 (footnote omitted).
¶ 11 We find the Wolfes' challenge to the propriety of DOT's taking of the Askins' Property pursuant to Article II, § 23 of the Oklahoma Constitution is not justiciable in this proceeding. DOT condemned the Askins' Property in order to provide the Wolfes with an easement so the Wolfes' Property would not be landlocked, at least during the construction of the highway project. The taking of the Askins' Propertyneighboring property not owned by the Wolfeshas not adversely affected the Wolfes. Even if the taking of the Askins' Property for the purpose of granting the Wolfes an easement may have caused the Wolfes to be compensated less than they would have been had their property remained landlocked, we find that such an effect is neutral. To the extent the Wolfes were compensated less, they gained an easement.
¶ 12 The Wolfes' complaints that the Wolfes' Property was prevented, at least temporarily, from being landlocked and that the value of their property was, in effect, increased by the taking of the Askins' Property, fail to meet the justiciability requirements of a controversy that is "definite and concrete ... among parties with adverse interests...." Application of State of Oklahoma at ¶ 6, 646 P.2d at 609. The Wolfes, by seeking to defeat DOT's otherwise unchallenged ability to condemn the Askins' Property, are, in effect, seeking to render their own property landlocked. We find this challenge is not sufficiently "real and substantial" for purposes of justiciability. Id.
¶ 13 Furthermore, the Wolfes' argument constitutes an attempt to assert constitutional rights vicariously. "Generally, constitutional rights are personal and may not be asserted vicariously." Forest Oil Corp. v. Corporation Commission of Oklahoma, 1990 OK 58, ¶ 31, 807 P.2d 774, 788 (footnote omitted). "Exceptions to this general princip[le] are allowed only because of `the most weighty countervailing policies.'" Id. (citing, inter alia, Broadrick v. Oklahoma, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973)). *82 Moreover, "[c]onstitutional questions should not be reached in advance of strict necessity." Russell v. Board of County Commissioners, Carter County, 1997 OK 80, ¶ 32, 952 P.2d 492, 504 (footnote omitted).[12]
¶ 14 The Wolfes argue that, "[e]ven though [DOT] has statutory authority in which to [condemn the Askins' Property] through the statutory provisions of [69 O.S.] § 1203, this statute must conform to the restrictions placed on the exercise of such power by the Oklahoma Constitutional Eminent Domain provisions."[13] The Wolfes argue DOT violated Article II, § 23 of the Oklahoma Constitution by condemning the Askins' Property for a private purpose. However, we find the Wolfes may not assert this constitutional argument vicariously because no "weighty countervailing policies" exist in this case.[14] Rather, "public policy ... disfavors landlocked property," Jones v. Ransom, 2008 OK CIV APP 44, ¶ 19, 184 P.3d 561, 565, and "[t]he right to condemn a way of necessity under constitutional and statutory provisions is an expression of public policy against landlocking property and rendering it useless." Franks v. Tyler, 1974 OK CIV APP 55, ¶ 9, 531 P.2d 1067, 1070 (overruled on other grounds by Childress v. Jordan, 1980 OK CIV APP 35, 620 P.2d 470).
¶ 15 Based on the above rationales, we find the trial court correctly overruled the Wolfes' exception to the commissioners' report. This Court is not bound by the reasoning of the trial court. If that court reaches the correct result we may affirm if there is a different but proper legal theory upon which to base the decision. McMinn v. City of Oklahoma City, 1997 OK 154, ¶ 11, 952 P.2d 517, 521; Nichols v. Nichols, 2009 OK 43, ¶ 10, 222 P.3d 1049, 1054.

CONCLUSION
¶ 16 The Askins' Property was successfully condemned in an "Agreed Journal Entry" filed in July of 2009. The only basis for the Wolfes' exception to the commissioners' report is their assertion that they do not have an easement because DOT did not have authority to condemn the Askins' Property. We find the issue of DOT's constitutional authority to condemn the Askins' Property is not justiciable in this proceeding. In addition, the Wolfes' constitutional argument regarding DOT's authority to condemn the Askins' Property is asserted vicariously, and we find no exceptions to the general rule that constitutional rights are personal and may not be asserted vicariously. For these reasons, we find the trial court properly overruled the Wolfes' exception to the commissioners' report, and we affirm the trial court's June 15, 2010 Order.
¶ 17 AFFIRMED.
WISEMAN, J., and THORNBRUGH J. (sitting by designation), concur.
NOTES
[1] Record (R.), p. 11.
[2] R., pp. 26-27.
[3] R., pp. 24-25.
[4] R., p. 77, ¶ 1.
[5] R., p. 30.
[6] Id.
[7] See, e.g., R., p. 78, ¶ 8.
[8] R., p. 119.
[9] April 9, 2010 Transcript (Tr.), p. 12.
[10] R., p. 145. The permanent "Driveway Easement" is in the record at p. 148.
[11] Article II, § 23 of the Oklahoma Constitution provides: "No private property shall be taken or damaged for private use, with or without compensation, unless by consent of the owner, except for private ways of necessity, or for drains and ditches across lands of others for agricultural, mining, or sanitary purposes, in such manner as may be prescribed by law."
[12] "Although Oklahoma's legal system is not bound by the restraints of the federal case-or-controversy requirement, our law's justiciability concept imposes an equally rigid fetter. Judicial cognizance cannot be invoked by a non-justiciable controversyone that presents nothing more than an academic or abstract issue.... The barriers of justiciability prevent judges from roving outside the judicial role and giving voice to abstract grievances .... Constitutional judgments are justified only out of strict necessity generated in particular cases in which rights between the litigants brought before the court must be adjudicated." Keating v. Johnson, 1996 OK 61, 918 P.2d 51, 60 (Opala, J., concurring) (emphasis in original).
[13] The Wolfes' Brief-in-Chief, p. 8.
[14] One such countervailing policy is where parties "stand to lose" and yet have "no effective avenue of preserving their rights themselves." Broadrick v. Oklahoma, 413 U.S. 601, 611, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973). If anything, the Wolfes have gained an easement by the taking of the Askins' Property.